IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

JT

**FILED**

**JUNE 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LARRY E. WOLFE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *v.* | ) Civil Action No. |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| D.P. MULLARKEY, KAREN A. | ) |
| SMITH, JOHN L. SCHOENECKER, | ) |
| D. PURNELL, and STUART PARKER, | ) |
| | ) |
| *Defendants,* | ) |

**08 C 50111**

**JUDGE REINHARD**
**MAGISTRATE JUDGE MAHONEY**

## NOTICE REMOVAL AND OF SUBSTITUTION OF THE UNITED STATES OF AMERICA AS DEFENDANT, AND OF DISMISSAL OF THE INDIVIDUAL DEFENDANTS, MULLARKEY, SCHOENECKER AND SMITH

TO:  Mr. Larry E. Wolfe
c/o General Delivery
Galt, Illinois 61037

PLEASE TAKE NOTICE that, upon the annexed Certification of

Thomas P. Walsh, Assistant United States Attorney for the Northern District

of Illinois, a duly authorized delegate of the Attorney General of the United

States of America, that the individual federal defendants, D. Patrick

Mullarkey, Karen A. Smith, and John L. Schoenecker, each was acting within

the scope of his, or her, employment and office as an employee of the United

States at the time that the incidents out of which plaintiff's claims arose occurred, and pursuant to the provisions of 28 U.S.C. §§ 2679(d)(2) and 1442(a)(1) the action in the 14th Judicial Circuit, County of Whiteside, State of Illinois, styled: *Larry E. Wolfe v. D.P. Mullarkey, et al.,* Case No. 06-L6-ST is subject to removal to the United States District Court for the Northern District of Illinois.  The action is removable because plaintiff claims, *inter alia,* injury due to the prosecution of a civil action styled *United States v. Larry E. Wolfe, et al.*, Civil Action No. 00-50349 in the United States District Court for the Northern District of Illinois, by three attorneys of the Tax Division of the United States Department of Justice, whose offices are in Washington, D.C., and the filing of notices of federal tax liens against Mr. Wolfe and his interests by revenue officers of the Internal Revenue Service.  Accordingly, the action is removed to the United States District Court for the Northern District of Illinois, by and on behalf of D. Patrick Mullarkey, Karen A. Smith, and John L. Schoenecker, and the United States of America.

Copies of the papers purporting to be a summons and complaint constituting all non-duplicative process and pleadings received by the named federal defendants to the date of this notice, are attached as required by 28 U.S.C. § 1446(a).

No prior removal of the action has been attempted.

The removal of the action is timely under the provisions of 28 U.S.C. §§ 2679(d)(2) "at any time before trial," in that it is premised upon the certification of the defendants Mullarkey, Smith, and Schoenecker, as having acted within the scope of his, or her, employment as an employee of the United States at the time of the incidents out of which the claims arose. The removal is also timely under 28 U.S.C. § 1446(b), as the plaintiff has failed to effect formal service of a summons and complaint upon the defendants Mullarkey, Smith, and Schoenecker in the manner provided by Section 5/2-208 ("Personal Service Outside State") of the Illinois Code of Civil Procedure. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-51 (1999) (the time for removal under Section 1446(b) commences only when proper service of the summons and complaint has been made upon the defendant).

TAKE FURTHER NOTICE that the United States of America, pursuant to the provisions of 28 U.S.C. § 2679(d)(2), has been substituted for D. Patrick Mullarkey, Karen A. Smith, and John L. Schoenecker, as the party defendant in the above-titled action.

TAKE FURTHER NOTICE that, pursuant to the provisions of 28 U.S.C. § 2679(d)(2), as amended, the action is dismissed against D. Patrick Mullarkey, Karen A. Smith, and John L. Schoenecker, with respect to any claim for redress for injury or loss of property, to the extent that such claim is

founded upon state law or upon any statute of the United States of America for the violation of which no action against an individual is authorized, and which arises or results from any alleged wrongful act or omission of any such defendant while acting within the scope of his, or her, federal office or employment.

PATRICK J. FITZGERALD
United States Attorney

*/s/ Gerald C. Miller*
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Tel.: (202) 307-6490
*e-mail:* Gerald.C.Miller@USDOJ.gov

## CERTIFICATE OF SERVICE

I CERTIFY that on June 19, 2008, the above NOTICE OF REMOVAL, SUBSTITUTION, AND DISMISSAL was filed with the Court via the ECF system, and that service was made upon the plaintiff by depositing a copy in the United States mail, postage prepaid, addressed to him as follows:

Mr. Larry E. Wolfe
c/o General Delivery
Galt, Illinois 61037

*/s/ Gerald C. Miller*
GERALD C. MILLER

**In the 14th Judicial Circuit, County of Whiteside, State of Illinois**

| | | |
|---|---|---|
| LARRY E. WOLFE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | Case No. 06-L6-ST |
| | ) | |
| D. P. MULLARKEY, KAREN A. SMITH, | ) | |
| JOHN L. SCHOENECKER, | ) | |
| D. PURNELL, and STUART PARKER, | ) | |
| | ) | |
| *Defendants.* | ) | |

# CERTIFICATION

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.3 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in this action. On the basis of the information now available with respect to the incidents referred to therein, I certify that each of the individual federal defendants, D. Patrick Mullarkey, Karen A. Smith, and John L. Schoenecker, was acting within the scope of his, or her, employment as an employee of the United States at the time of the incidents out of which the claims arose.

Dated: June *19*, 2008

                           *Thomas Walsh*

                           THOMAS P. WALSH
                           Chief, Civil Division
                           Office of the United States Attorney
                              for the Northern District of Illinois

*Schoenecker*
*7322*

In the 14th-Judicial-Circuit, in the county, of the Whiteside, in the state, of the Illinois

**For the Larry:Wolfe** (of the creation in the image of                              )
    the Creator and of the ownership of the juristic-property) (
    of the Plaintiff                                                                         (
**for the Larry Wolfe and for the LARRY WOLFE** (
**and for the LARRY E. WOLFE and for**                     )
**the Larry E. Wolfe**   (juristic-property)                      )                    for the number **08 L6 ST**
                                        (
                                        )
**In the action**                                                                          )                    FOR THE SUMMONS
                                        (
**with the**                                                                                )
D. P. Mullarkey                                                                       (
Karen A. Smith                                                                        )
John L. Schoenecker                                                               (
D. Purnell                                                                                 )
Stuart Parker                                                                           (

      **of the Defendants.**

For the Larry:Wolfe is of the declarations in the truth:

## FOR THE SUMMONS

**For the demand of this court unto the :**

John L. Schoenecker at the "U.S. Department of Justice, Tax Division" at the 555 4th St. NW Room 7112 of the Ben Franklin Station in the Washington, of the D.C. 20044

**is for the entering of the answer in the record of the action within the thirty-days. For the deadline of the thirty-days is on the April-12, 2008. For the failure of the answer or the challenge within the deadline is of the possibility for the filing of the default-judgment against the specified-Defendant.**

For the page **1** is of the three. For the copyright is by the Larry:Wolfe on the February 18, 2008



**For the declarations by the Larry:Wolfe under the penalty of the law for the false-testimony are by the proper-procedure by the due-process in the adjudication in the court of the record of the superior-court in the county of the Whiteside in the Illinois and in the no-other.**

By the Witness, _____ on the March-12, 2008

By the SEAL

_____

By the Clerk of the Fourteenth-Judicial-Circuit
Of the county of the Whiteside of the state of the Illinois

```
Larry:Wolfe
General-delivery
Galt, Illinois
(61037)
```

**815-625-5662**

in the knowledge of the penalty for the false witness for the <u>LARRY WOLFE</u> and for the <u>Larry Wolfe</u> and for the <u>LARRY E. WOLFE</u> and for the <u>Larry E. Wolfe</u> by the Larry:Wolfe.

_____ by the Larry:Wolfe

_____ by the notary-public

on the date of the _12 day of March, 2008_

For the Seal is of the notary

```
OFFICIAL SEAL
LINDA R TOPP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/26/09
```

For the page 2 is of the three.  For the copyright is by the Larry:Wolfe on the February 18, 2008

For the   D. P. Mullarkey
At the    "U.S. Department of Justice, Tax Division"
At the    P.O. Box 55
Of the    Ben Franklin Station
In the    Washington, of the  D.C. 20044


For the   Karen A. Smith
At the    "U.S. Department of Justice, Tax Division"
At the    555 4th St. NW Room 7112
Of the    Ben Franklin Station
In the    Washington, of the  D.C. 20044


For the   John L. Schoenecker
At the    "U.S. Department of Justice, Tax Division"
At the    555 4th St. NW Room 7112
Of the    Ben Franklin Station
In the    Washington, of the  D.C. 20044


For the   D. Purnell
Of  the   c/o Internal Revenue Service
At the    211 S. Court
In the    Rockford, Illinois  61101-1283


For the   Stuart Parker
Of  the   c/o Internal Revenue Service
At the    211 S. Court
In the    Rockford, Illinois  61101-1283


For the   Patrick J. Fitzgerald
Of the    United States Attorney
At the    308 West State, Room 300
In the    Rockford, Illinois  61101


For the   Clerk of the Court
Of the    United States
At the    211 S. Court
In the    Rockford, Illinois  61101


For the page 3 is of the three.  For the copyright is by the Larry:Wolfe on the February 18, 2008

*Copy*

**In the 14th-Judicial-Circuit, of the county, of the Whiteside, of the Illinois**

| | |
|---|---|
| **For the Larry:Wolfe** (of the creation in the image of the Creator) of the Plaintiff      ( <br> **for the Larry Wolfe and for the LARRY WOLFE** ( <br> ( <br> **and for the LARRY E. WOLFE and for** ) <br> **the Larry E. Wolfe**    (juristic-property)     ) <br> ( <br> ) <br> ( <br> ) <br> ( <br> In the action        ) <br> ( <br> **with the**         ) <br> D. P. Mullarkey      ( <br> Karen A. Smith      ) <br> John L. Schoenecker    ( <br> D. Purnell        ) <br> Stuart Parker      ( | for the incorporation of the improvements in the Declaration in the law for the damages <br> *Corrected* <br> **[COMPLAINT]** <br><br> for the number   **08 L6 ST** <br><br><br><br> for the Trial is by the Jury |

         **of the Defendants.**
For the Larry:Wolfe is of the declarations in the truth:

FILED
CIRCUIT COURT WHITESIDE COUNTY
DATE ___
CLERK
*Sheila G. Schipper*

## FOR THE VENUE;

For the Venue is in the county of the Whiteside of the Illinois for the reasons by the declaration in the **FOR THE JURISDICTION IN THE REM** and in the **FOR THE JURISDICTION IN THE PERSONUM** .  For the Venue-jurisdictional-issues are in the detail in the Attachment of the Eleven  of  the part of the record by the reference unto the same.

## FOR THE CAUSE OF THE ACTION

### For the Count-One

       For the D. Purnell is of the signing of the Notice of Federal Tax Lien Under Internal Revenue Laws and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991. For the evidence of the same is in the Attachment of the Nine  of  the part of the record by the reference unto the same.

For the page **1** is of the fourteen.  For the copyright is by the Larry:Wolfe on the March-10, 2008

### In the 14th-Judicial-Circuit, of the county, of the Whiteside, of the Illinois

For the Larry:Wolfe (of the creation in the image of the Creator)
of the Plaintiff

for the Larry Wolfe and for the LARRY WOLFE

and for the LARRY E. WOLFE and for
the Larry E. Wolfe　(juristic-property)

In the action

with the
D. P. Mullarkey
Karen A. Smith
John L. Schoenecker
D. Purnell
Stuart Parker

of the Defendants.

for the incorporation of the
improvements in the
Declaration in the law
for the damages

**[COMPLAINT]**

for the number　08 L6 ST

for the Trial is by the Jury

For the Larry:Wolfe is of the declarations in the truth:

### FOR THE VENUE;

For the Venue is in the county of the Whiteside of the Illinois for the reasons by the declaration in the **FOR THE JURISDICTION IN THE REM** and in the **FOR THE JURISDICTION IN THE PERSONUM** . For the Venue-jurisdictional-issues are in the detail in the Attachment of the Eleven of the part of the record by the reference unto the same.

### FOR THE CAUSE OF THE ACTION

### For the Count-One

For the D. Purnell is of the signing of the Notice of Federal Tax Lien Under Internal Revenue Laws and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991. For the evidence of the same is in the Attachment of the Nine of the part of the record by the reference unto the same.

For the page _1_ is of the fourteen. For the copyright is by the Larry:Wolfe on the March-10, 2008

### For the Count-Two

For the <u>Stuart Parker</u> is of the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000.  For the evidence of the same  is in the <u>Attachment of the Ten</u> of the part of the record  by the reference unto the same.

### For the Count-Three

(1.)    For the Larry:Wolfe is of the submitting unto the "<u>Thomas P. Cole</u> or the associate of the "FOR THE NOTICE IS OF THE FINAL-PAYMENT."  For the evidence of the receipt of the same on the June 25, 2007 is by the <u>Attachment of the Two</u> of the part of the record by the reference unto the same.

(2.)    For the Larry:Wolfe is of the receipt of the refusal by the <u>D. P. Mullarkey</u> of the "FOR THE NOTICE IS OF THE FINAL-PAYMENT" on date of the July 13, 2007.  For the evidence of the receipt and of the refusal is by the <u>Attachment of the Three</u> of the part of the record by the reference unto the same.

(3.)    For the Larry:Wolfe is of the submitting unto the "<u>D. P. Mullarkey</u>" and unto the "<u>Karen A. Smith</u>" by the certification and by the verification of the "of the tender for the discharge in the full" in the accordance with the rules of the "commercial code" with the title of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL.</u>  For the copy and for the receipt of the same on the July 19, 2007 is of the evidence  by the <u>Attachment of the Four</u> of the part of the record by the reference unto the same.

(4.)    For the Larry:Wolfe is of the receipt of the paper of the acceptance of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u>   by the <u>D. P. Mullarkey</u> on the date of the July 13, 2007.  For the evidence of the acceptance is by the <u>Attachment of the Five</u> of the part of the record by the reference unto the same.

(5.)    For the Larry:Wolfe is of the submitting unto the "<u>D. P. Mullarkey</u>" and unto the "<u>Karen A. Smith</u>" of the acknowledgement and of the further-certification and by the re-iteration  of the terms of the "acceptance of the tender for the offer of the discharge is of the agreement."  For the "acceptance…" by the wording is of the notice of the default and of the breach of the agreement. For the copy and for the receipt of the same is on the August 6, 2007.  For the evidence of the acknowledgement and of the further-certification and by the re-iteration  of the "acceptance of the tender for the offer of the discharge is of the agreement." is by the <u>Attachment of the Six</u> of the part of the record by the reference unto the same.

(6.)    For the Larry:Wolfe is of the declaration of the receipt of the no-other-communication by the <u>D. P. Mullarkey</u> or by the <u>Karen A. Smith</u> by the date of the September 21, 2007.  For the extension of the grace-period for the rebuttal is of the period of the time of the thirty-days.

(7.)    For the Larry:Wolfe without the communication or the rebuttal by the <u>D. P. Mullarkey</u> or by the <u>Karen A. Smith</u> within the grace-period is of the submitting unto the Recorder's-Office of the county of the Whiteside in the Illinois for the filing of the "For the Default-Judgment is of the record." on the September 21, 2007.  For the copy and for the evidence of the filing is by the <u>Attachment of the Seven</u> of the part of the record by the reference unto the same.

### For the Count-Four

(1.)    For the Larry:Wolfe is of the receipt on the date of the February 9, 2007 at the United-States-Post-Office in the general-delivery by the <u>John L. Schoenecker</u>, in the form of the "cover-letter; <u>UNITED STATES' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSES OF AMENDING THE SECOND AMENDED ORDER FOR A JUDICIAL SALE AND APPLYING PAYMENT RECEIVED TO DEFAULT JUDMENT, MOTION TO AMEND SECOND AMENDED ORDER, AND MOTION TO APPLY PAYMENT RECEIVED TO DEFAULT JUDGMENT; NOTICE OF MOTION;  ORDER TO REOPEN CASE; THIRD AMENDED ORDER OF SALE; ORDER OF APPLICATION OF PAYMENT;</u>  for the evidence is by the <u>Attachment of the Eight</u> which is of the part of the record by the reference unto the same.

### FOR THE CONCLUSIONS

### Of the Count-One

(1.) For the <u>D. Purnell</u> by the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991 by the <u>Attachment of the  Nine</u> is of the statement in the fraud.

(2.) For the <u>D. Purnell</u> by the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991 by the <u>Attachment of the  Nine</u> is of the depravation of the rights of the due-process of the Larry:Wolfe for the filing of  the said-item in the violation of the <u>Illinois Revised Statutes 110 Part 6. Foreign Judgments paragraph 12-603.  Application for registration.</u>

(3.) For the <u>D. Purnell</u> by the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991 by the <u>Attachment of the  Nine</u> is of the depravation of

the rights of the proper-procedure of the Larry:Wolfe by the filing of the said-item in the violation of the <u>Illinois Revised Statutes 110 Part 6. Foreign Judgments paragraph 12-603. Application for registration.</u>

(4.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-filing by the Larry:Wolfe or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>.

(5.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-signing by the Larry:Wolfe or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>

(6.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the un-seen by the Larry:Wolfe. or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>

## <u>Of the Count-Two</u>

(1.)    For the <u>Stuart Parker</u> by the signing of the <u>Notice of Federal Tax Lien</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000 by the <u>Attachment of the Ten</u> is of the statement in the fraud.

(2.)    For the <u>Stuart Parker</u> by the signing of the <u>Notice of Federal Tax Lien</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000 by the <u>Attachment of the Ten</u> is of the depravation of the rights of the due-process of the Larry:Wolfe by the filing of the said-item in the violation of the <u>Illinois Revised Statutes 110 Part 6. Foreign Judgments paragraph 12-603. Application for registration.</u>

(3.)    For the <u>Stuart Parker</u> by the signing of the <u>Notice of Federal Tax Lien</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000 by the <u>Attachment of the Ten</u> is of the depravation of the rights of the proper-procedure of the Larry:Wolfe by the filing of the said-item in the violation of the <u>Illinois Revised Statutes 110 Part 6. Foreign Judgments paragraph 12-603. Application for registration.</u>

(4.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-filing by the Larry:Wolfe or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>.

(5.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the

"1040" for the "tax period" of the "12/31/87"1040 are of the non-signing by the Larry:Wolfe or the LARRY WOLFE or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>

(6.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-seen by the Larry:Wolfe. or the LARRY WOLFE or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>

## Of the Count-Three

(1.)    For the Larry:Wolfe is of the denial of the correctness of the document of <u>Attachment of the Three</u> in the particular and not of the limitation by these:
> A. for the form of the letter is in the attempt of the making for the Sterling of the Illinois as the part of the Federal Zone by the use of the "Sterling, IL."
> B. for the Larry:Wolfe is of the denial of the use of the address of the 4210-Lincolnway for the delivery of the first-class-matter.
> C. for the writing is in the fiction by the corruption of the words and of the phrases, by the improper use of the prepositions and of the articles and of the making of the nouns into the verbs and into the adverbs

(2.) For the new-offer with the many-improvements with the caption of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> is of the making .

> (A.) For the offer is of the verification by the declaration under the penalty of the perjury to the truth and of the facts of the said-document.
> (B.) For the offer is of the certification by the wording and by the construction .
> (C.) For the offer is of the "bona fide."
> (D.) For the offer is with the valuable-consideration by the offering of the "United-States-Postal-Money-Order" for the twenty-one-dollars.
> (E.) For the "presentment" is without the dishonor of the "judgment."
> (F.) For the "offer for the tender in the full" is within the parameters of the commercial-code.
> (G.) For the "offer for the tender in the full" is by the clarification in the paragraph of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> wherein the statement is "For the offer is for the tender in the amount of the $45,000.00 for the amount in the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** on the page of the 5 (five) at the number of the 6. For the subtraction of the good-faith-tender of the $21.00 leaves for the balance for the offer for the tender in the amount of the $44,979."
> (H.) For the bona-fide-offer by the clearness in the wording in the "offer for the tender in the full" is by the verification by the declaration under the penalty of the perjury for the tender in the full of the $45,000.00 under the terms of :

> (a.) For the offer is of the validity on the condition of the remittance unto the

Larry:Wolfe at the general-delivery at the United-States-Post-Office in the Galt, of the Illinois of the 'signed and of the verified' under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87."

> (b.) For the possession of the "United-States-Postal-Money-Order" by the <u>Department of the Treasury</u> or the <u>Internal Revenue Service</u> or the <u>United States</u> or the <u>U.S. Department of Justice, Tax Division</u> or the agent beyond the ten-days is of the evidence of the acceptance of the terms of the offer for the tender for the discharge in the full.

(I.) For the Larry:Wolfe is of the honor and of the acceptance of the "Notice of Federal Tax Lien Under Internal Revenue Laws" and of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** on the condition of the remittance of the forms of the demand and by the keeping of the "United States Postal Money Order" beyond the deadline of the demand.

(J.) For the right of the Larry:Wolfe for the verification of the copies of the "1040's" for the "1040's" of the demands is of the underpinnings and of the authority for the whole-procedure. For the right of the Larry:Wolfe is for the examination of the witnesses against the name.

(K.) For the "1040's" without the verification are of the void of the tender for the offer of the discharge of the $45,000.00 by the Larry:Wolfe.

(L.) For the date of the return of the "United States Postal Money Order" to the Larry:Wolfe is of the July 18, 2007.

(M.) For the "Defendants" of the <u>D. P. Mullarkey</u> or the <u>Karen A. Smith</u> are of the keeping of the "United States Postal Money Order" until the day of the February 18, 2008.

(N.) For the keeping of the valuable-consideration in the form of the "United-States-Postal -Money Order" by <u>D. P. Mullarkey</u> or the <u>Karen A. Smith</u> is of the acceptance of the terms of the new-contract offer in the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> .

(O.) For the <u>D. P. Mullarkey</u> or the <u>Karen A. Smith</u> by the acceptance of the new-contract by the keeping of the "United States Postal Money Order" are of the acceptance of the discharge of the "lien" or the debt or the obligation.

(3.) For the Larry:Wolfe by the allegation in the acceptance of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> by the <u>D. P. Mullarkey</u> on the date of the July 13, 2007 in the <u>Attachment of the Five</u> that the letter is of the failure for the counter-offer.

> (A.) For the "acceptance" in the form of the letter is in the attempt of the making for the Sterling of the Illinois as the part of the Federal Zone by the use of the "Sterling, IL."
> (B.) For the evidence of the address of the 4210 Lincolnway for the Larry:Wolfe is of the Nil.
> (C.) For the evidence of the mailing-location for the Larry:Wolfe at the general-delivery of the United-States-Post-Office in the Galt of the Illinois and in the no-other-location for the attachments are of the witness by the total of the seven of the references.

(D.) For the <u>Attachment of the Five</u> is of the writing unto the wrong entity for the one of the offer of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> is by the creation in the image of the God by the name of the Larry:Wolfe.

(E.) For the writing in the <u>Attachment of the Five</u> is unto the <u>Larry Wolfe</u> which is of the property of the Larry:Wolfe.

(E.) For the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> is by the bona-fide offer with the verification and by the certification.

(4.) For the failure of the repudiation of the contract or the return of the United-States-Postal-Money-Order within the deadline is in the declaration in the <u>Attachment of the Six</u> with the delivery-confirmation on the date of the August 6, 2007.

(1.) By the fact of the acceptance of the new-contract and by the breach of the new-contract and by the default on the new-contract for the failure of the presentment of the <u>signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"</u> for the <u>Department of the Treasury</u> or the <u>Internal Revenue Service</u> or the <u>United States</u> or the <u>U.S. Department of Justice, Tax Division</u> or the agent or the "Attorney General" is of the waiver of the rights or the privileges or the claims of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** and of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u>.

(5.) By the refusal for the repudiation of the contract or the return of the Unites-States-Postal-Money-Order within the deadline for the <u>Karen A. Smith</u> and for the <u>D. P. Mullarkey</u> are of the submission to the jurisdiction of the "For the Default-Judgment is of the record." by the acquiescence and by the breach of the terms of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> for the determination of the fraud or the depravation of the rights under the color of the law of the Larry:Wolfe or the property of the Larry:Wolfe in the trial by the jury of the people of the county.

(6.) For the submitting unto the Recorder's Office of the county of the Whiteside in the Illinois for the filing of the "For the Default-Judgment" in the record." on the September 21, 2007 by the <u>Attachment of the Seven</u> is of the evidence of the proper-procedure by the Larry:Wolfe. For the Defendants by the acquiescence and by the breach of the terms of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> are of the forfeiture of the rights and of the privileges in the action.

(7.) For the Larry:Wolfe is of the submission of the Default-Judgment with the county-recorders-office after the 30 days of grace as per the rules of the "commercial code" by the evidence of the <u>Attachment of the Seven</u>.

## Of the Count-Four

(1.) For the <u>John L. Schoenecker</u> and for the <u>Karen A. Smith</u> by the delivery of the "paper of the <u>Attachment of the Eight</u>" unto the Larry:Wolfe by the United-States-Mail in the Galt in the Whiteside

in the state of the Illinois are in the violation of the <u>For the Default-Judgment is of the record.</u>

A. For the actions are with the full knowledge of the default of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u>

B. For the actions are by the use of the United-States-Mail.

C. For the statements are in the fraud.

D. For the claim is of the fraud against the rights of the Larry:Wolfe

E. For the Larry:Wolfe is of the inability for the acceptance of United-States-Mail at the address of the 4210 West Lincolnway, Sterling, Illinois:

F. For the renter of the property at the location of the 4210 West Lincolnway, Sterling, Illinois is of the residence at the address and is of the no-kin with the Larry:Wolfe.

G. For the Larry:Wolfe and for the <u>LARRY WOLFE</u> and for the <u>Larry Wolfe</u> and for the <u>LARRY E. WOLFE</u> and for the <u>Larry E. Wolfe</u> are of the non-domicile at the address of the 4210 West Lincolnway, Sterling, Illinois

H. For the Larry:Wolfe and for the <u>LARRY WOLFE</u> and for the <u>Larry Wolfe</u> and for the <u>LARRY E. WOLFE</u> and for the <u>Larry E. Wolfe</u> are of the non-residence at the address of the 4210 West Lincolnway, Sterling, Illinois

I. For the Larry:Wolfe and for the <u>LARRY WOLFE</u> and for the <u>Larry Wolfe</u> and for the <u>LARRY E. WOLFE</u> and for the <u>Larry E. Wolfe</u> are of the non-dwelling at the address of the 4210 West Lincolnway, Sterling, Illinois

J. For the Larry:Wolfe is of the non-acceptance of the truthfulness or the accuracy of the <u>Attachment of the Eight</u>.

(2.) For the record is of the showing of the claim by the Defendants against the rights of the Larry:Wolfe without the lawful-authority.

(3.) For the record is of the showing of the demands of the Fraud by the Defendants through the mail by the United-States-Post-Office and or the mail of the United-States-Postal-Service.

(4.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87" 1040 are of the non-filing by the Larry:Wolfe or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>.

(5.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87" 1040 are of the non-signing by the Larry:Wolfe or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>

(6.) For the Larry:Wolfe by the declaration under the penalty of the perjury that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87" 1040 are of the un-seen by the Larry:Wolfe. or the <u>LARRY WOLFE</u> or the <u>Larry Wolfe</u> or the <u>LARRY E. WOLFE</u> or the <u>Larry E. Wolfe</u>

(7.) For the Larry:Wolfe is of the demand for the trial by the jury.

For the page 8 is of the fourteen. For the copyright is by the Larry:Wolfe on the March-10. 2008

## FOR THE DEMAND BY THE REMEDY IN THE LAW FOR THE DAMAGES

### Of the Count-One

For the declaration for the damages against the D. Purnell in the fraud for the false-accusation for the claim of the $28,949.09 is for the $28,949.09 .

### Of the Count-Two

For the declaration for the damages against the Stuart Parker in the fraud for the false-accusation for the claim of the $28,987.09 is for the $28,987.09.

### Of the Count-Three

(1.) For the declaration for the damages against the D. P. Mullarkey in the fraud for the false-accusation for the claim of the $45,000.00 is for the $45,000.00.

(2.) For the declaration for the damages against the D. P. Mullarkey in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $21.00.

(3.) For the declaration for the damages against the Karen A. Smith in the fraud for the false-accusation for the claim of the $45,000.00 is for the $45,000.00.

(4.) For the declaration for the damages against the Karen A. Smith in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $21.00.

### Of the Count-Four

(1.) For the declaration for the damages against the John L. Schoenecker in the fraud for the false-accusation for the claim of the $45,000.00 is for the $45,000.00.

(2.) For the declaration for the damages against the John L. Schoenecker in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $21.00.

## **For the punitive-damages**

### **Of the Count-One**

(1.) For the declaration for the punitive-damages against the D. Purnell in the fraud for the false-accusation for the claim of the $28,949.09 is for the $100,000.00 .

(2.) For the declaration for the punitive-damages against the D. Purnell in the depravation of the rights of the due-process for the claim is for the $100,000.00 .

### **Of the Count-Two**

(1.) For the declaration for the punitive-damages against the Stuart Parker in the fraud for the false-accusation for the claim of the $28,987.09 is for the $100,000.00.

(2.) For the declaration for the punitive-damages against the Stuart Parker in the depravation of the rights of the due-process for the claim is for the $100,000.00 .

### **Of the Count-Three**

(1.) For the declaration for the punitive-damages against the D. P. Mullarkey in the fraud for the false-accusation for the claim of the $45,000.00 is for the $150,000.00.

(2.) For the declaration for the punitive-damages against the D. P. Mullarkey in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $63.00.

(3.) For the declaration for the punitive-damages against the Karen A. Smith in the fraud for the false-accusation for the claim of the $45,000.00 is for the $150,000.00.

(4.) For the declaration for the punitive-damages against the Karen A. Smith in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $63.00.

### **Of the Count-Four**

(1.) For the declaration for the punitive-damages against the John L. Schoenecker in the fraud for the false-accusation for the claim of the $45,000.00 is for the $150,000.00.

(2.) For the declaration for the punitive-damages against the John L. Schoenecker in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $63.00.

## FOR THE DECLARATION OF THE AMOUNT-DUE

### Of the Count-One

(1.) For the declaration for the damages against the D. Purnell  of the          $28,949.09
(2.) For the declaration for the punitive against the D. Purnell  of the         $100,000.00
(3.) For the declaration for the punitive-damages against the D. Purnell  of the $100,000.00
(4.) For the sum-certain for the damages against the D. Purnell  is of the       $228,949.09

### Of the Count-Two

(1.) For the declaration for the damages against the Stuart Parker of the          $28,987.09
(2.) For the declaration for the punitive-damages against the Stuart Parker of the $100,000.00
(3.) For the declaration for the punitive-damages against the Stuart Parker of the $100,000.00
(4.) For the sum-certain for the damages against the Stuart Parker is of the       $228,987.09

### Of the Count-Three

(1.) For the declaration for the damages against the D. P. Mullarkey of the           $45,000.00
(2.) For the declaration for the damages against the D. P. Mullarkey of the               $21.00
(3.) For the declaration for the punitive-damages against the D. P. Mullarkey of the $150,000.00
(4.) For the declaration for the punitive-damages against the D. P. Mullarkey of the      $63.00
(5.) For the sum-certain for the damages against the D. P. Mullarkey is of the       $195.084.00

(1.) For the declaration for the damages against the Karen A. Smith of the           $45,000.00
(2.) For the declaration for the damages against the Karen A. Smith of the               $21.00
(3.) For the declaration for the punitive-damages against the Karen A. Smith of the $150,000.00
(4.) For the declaration for the punitive-damages against the Karen A. Smith of the      $63.00
(5.) For the sum-certain for the damages against the Karen A. Smith is of the       $195.084.00

### Of the Count-Four

(1.) For the declaration for the damages against the John L. Schoenecker of the           $45,000.00
(2.) For the declaration for the damages against the John L. Schoenecker of the               $21.00
(3.) For the declaration for the punitive-damages against the John L. Schoenecker of the $150,000.00
(4.) For the declaration for the punitive-damages against the John L. Schoenecker of the      $63.00
(5.) For the sum-certain for the damages against the John L. Schoenecker is of the       $195.084.00

For the page |1 is of the fourteen.  For the copyright is by the Larry:Wolfe on the March-10, 2008

for the declarations of the amounts-due are in the truth under the penalty of the false-witness and of the perjury to the best of the knowledge and of the understanding of the Larry:Wolfe before the notary.

_____ by the Larry:Wolfe

_____ by the notary-public

on the date of the _____ *12th of March 2008*

For the Seal is of the notary

```
"OFFICIAL SEAL"
Tammy J. Carlson
Notary Public, State of Illinois
My Commission Exp. 02/08/2010
```

under the penalty of the perjury for the false-witness for the LARRY WOLFE and for the Larry Wolfe and for the LARRY E. WOLFE and for the Larry E. Wolfe by the Larry:Wolfe.

### For the declaration is in the truth.

For the declarations are in the truth under the penalty of the false-witness and of the perjury to the best of the knowledge and of the understanding of the Larry:Wolfe before the notary by the Larry:Wolfe .

_____ . for the signature is by the Larry:Wolfe

_____ . for the signature is by the Notary-Public

on the date of the _____ *12th day of March 2008*

For the Seal is of the notary

```
OFFICIAL SEAL
LINDA R TOPP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/26/09
```

For the page 12 is of the fourteen. For the copyright is by the Larry:Wolfe on the March-10, 2008

```
Larry:Wolfe
General-delivery
Galt, Illinois
(61037)
```

**815-625-5662**


| | |
|---|---|
| For the | D. P. Mullarkey |
| At the | "U.S. Department of Justice, Tax Division" |
| At the | P.O. Box 55 |
| Of the | Ben Franklin Station |
| In the | Washington, of the D.C. 20044 |

| | |
|---|---|
| For the | Karen A. Smith |
| At the | "U.S. Department of Justice, Tax Division" |
| At the | 555 4th St. NW Room 7112 |
| Of the | Ben Franklin Station |
| In the | Washington, of the D.C. 20044 |

| | |
|---|---|
| For the | John L. Schoenecker |
| At the | "U.S. Department of Justice, Tax Division" |
| At the | 555 4th St. NW Room 7112 |
| Of the | Ben Franklin Station |
| In the | Washington, of the D.C. 20044 |

| | |
|---|---|
| For the | D. Purnell |
| Of the | c/o Internal Revenue Service |
| At the | 211 S. Court |
| In the | Rockford, Illinois 61101-1283 |

| | |
|---|---|
| For the | Stuart Parker |
| Of the | c/o Internal Revenue Service |
| At the | 211 S. Court |
| In the | Rockford, Illinois 61101-1283 |

| | |
|---|---|
| For the | Patrick J. Fitzgerald |
| Of the | United States Attorney |
| At the | 308 West State, Room 300 |
| In the | Rockford, Illinois 61101 |

| | |
|---|---|
| For the | Clerk of the Court |
| Of the | United States |
| At the | 211 S. Court |
| In the | Rockford, Illinois 61101 |

## For the list of the Attachments

1. My notice in the paper
2. "FOR THE NOTICE IS OF THE FINAL-PAYMENT" sent to Thomas Cole.
3. Refusal by Mullarkey "FOR THE NOTICE IS OF THE FINAL-PAYMENT"

For the page 13 is of the fourteen.  For the copyright is by the Larry:Wolfe on the March-10. 2008

4. <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> sent to <u>D. P. Mullarkey  and  Karen A. Smith</u>

5. This is received by me of the acceptance <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> sent to <u>D. P. Mullarkey</u>

6. "acceptance of the tender for the offer of the discharge is of the agreement" is sent to <u>D. P. Mullarkey  and  Karen A. Smith</u>

7. "For the Default-Judgment is of the record." is of the filing with the county-recorder

8. "cover-letter "by the John L. Schoenecker,; <u>UNITED STATES' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSES OF AMENDING THE SECOND AMENDED ORDER FOR A JUDICIAL SALE AND APPLYING PAYMENT RECEIVED TO DEFAULT JUDMENT, MOTION TO AMEND SECOND AMENDED ORDER, AND MOTION TO APPLY PAYMENT RECEIVED TO DEFAULT JUDGMENT; NOTICE OF MOTION;  ORDER TO REOPEN CASE; THIRD AMENDED ORDER OF SALE; ORDER OF APPLICATION OF PAYMENT</u> is of the receipt by Larry:Wolfe

9. For the <u>D. Purnell</u> is of the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u>

10. For the <u>Stuart Parker</u> is of the signing of the <u>Notice of Federal Tax Lien</u>

11. For the Jurisdiction in the Personum and in the Rem

For the attachment of The
eleven

## FOR THE VENUE;

For the Venue is in the county of the Whiteside of the Illinois for the reasons by the declaration in the **FOR THE JURISDICTION IN THE REM** and in the **FOR THE JURISDICTION IN THE PERSONUM.**

## FOR THE JURISDICTION IN THE PERSONUM;

(1.) For the authority for the Larry:Wolfe as the declaring-party is by the fact of the status of the LARRY WOLFE and of the Larry Wolfe and of the LARRY E. WOLFE and of the Larry E. Wolfe as the designations of the property as the juristic-persons.

(2.) For the maxim of the law for the same-kind is of the limitation for the doing of the business with the same-kind and with the no-other.

(3.) For the status under the law is for the superiority of the man above the creations of the man in the form of the corporate-entities or the juristic-persons.

(4.) For the status of the juristic-person as the property is by the requirement for the ownership of the juristic-person in the private-world or in the public-world.

(5.) For the evidence of the right of the ownership of the designations of the aforesaid as the juristic-persons is by the Larry:Wolfe in the Attachment of the One of the part of the record in the totality by the reference unto the same.

(6.) For the D. P. Mullarkey, and for the Karen A. Smith, and for the John L. Schoenecker, and for the D. Purnell and for the Stuart Parker are of the appearance of the designations for the names of the creations in the image of the Creator.

(7.) For the D. P. Mullarkey is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature in the Attachment of the Three and of the Five of the record in the totality by the reference unto the same.

(8.) For the Karen A. Smith, is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature in the Attachment of the Eight of the record in the totality by the reference unto the same.

(9.) For the John L. Schoenecker, is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature in the Attachment of the Eight of the record in the totality by the reference unto the same.

(10.) For the D. Purnell, is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature and of the filing of the same with the county-recorder in the Whiteside of the Illinois in the Attachment of the Nine of the record in the totality by the

For the page 1 is of the four. For the copyright is by the Larry:Wolfe on the March-10, 2008

reference unto the same.

(11.) For the <u>Stuart Parker</u> is of the commission of the signing of the certain-paper of the record with the signature or the facsimile of the signature and of the filing of the same with the county-recorder in the Whiteside of the Illinois in the Attachment of the Ten of the record in the totality by the reference unto the same.

(12.) For the Larry:Wolfe is of the creation in the image of the Creator.

(13.) For the Larry:Wolfe is of the physicality in the county of the Whiteside in the Illinois.

(14.) For the Illinois is of the failure of the location in the Federal Zone of the ILLINOIS.

(15.) For the Larry:Wolfe is of the status of the man and is of the failure of the status of the "person."

(16.) For the Illinois is outside the definition of the 4 U.S.C.S. section 110(d).

(17.) For the Larry:Wolfe is in the state of the being of the no-contract with the parties of the Defendants.

(18.) For the Larry:Wolfe is of the keeping of the totality of the rights.

(19.) For the acts of the recording of the paper of the attachments is within the county of the Whiteside.

(20.) For the acts of the receiving of the paper of the attachments by the Larry:Wolfe is within the county of the Whiteside.

(21.) For the county of the Whiteside in the Illinois is of the geographical-location in the world of the physical.

(22.) For the respondents are of the subjection to the jurisdiction of the court of the record.

(23.) For the respondents by the participation in the actions are of the liability .

## FOR THE JURISDICTION IN THE REM

(1.) For the rights of the Larry:Wolfe are under the <u>rights of man</u> and under the Common-Law.

(2.) For the recognition of the common-law in the Illinois is by the Revised-Statutes of the Illinois in the Chapter of the 28.

(3.) For the action in the common-law is in the court of the record.

(4.) For the controversy is in the excess of the twenty-dollars in the accordance of the Amendment of the seven in the <u>Bill of Rights</u>.

(5.) For the court of the record is of the superior-court.

(6.) For the <u>D. Purnell</u> and for the <u>Stuart Parker</u> are of the filing of the "Notice of Federal Tax Lien" with the county-recorder of the county of the Whiteside in the state of the Illinois.

(7.) For the determining of the action in the local-court is by the Authority of the Code of the civil procedure in the Illinois by the citation in the
"110 ss 12-621 Inconclusiveness of judgments
    ss 12-621. Inconclusiveness of judgments.
      (a) A foreign judgment is not conclusive if
          (2) the foreign court did not have personal jurisdiction over the
              defendant
          (3) the foreign court did not have jurisdiction over the subject
              matter.

      (b) A foreign judgment need not be recognized if
          (2) the judgment was obtained by fraud
          (3) the cause of action on which the judgment is based is repugnant to the
              public policy of this State
          (4) the judgment conflicts with another final and conclusive judgment"

(8.) For the determination of the action in the local-court is by the Authority of the Code of the civil procedure in the Illinois by the citation of the "110 Part 6. Foreign Judgments paragraph 12-
    603. Application for registration
      ss 12-603. Application for registration. A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and any subsequent facts....and a prayer that the judgment be registered. The Clerk of the court in which the petition is filed shall mail by certified mail return receipt requested to the clerk of the court which rendered the original judgment a notice, which shall be prepared and presented to the clerk by petitioner, that application for registration has been made, and shall request him or her to file this information with the judgment. The filing of the petition constitutes registration of the foreign judgment."

(9.) For the court of the record as the superior-court is of the status whereby the inferior-courts and for the foreign-courts are of the prohibition of the movement of the record of the court of the record.

(10.) For the <u>D. P. Mullarkey</u> is of the delivery of the "paper (letters)" to the Larry:Wolfe on the July 12, 2007 and on the July 26, 2007 in the county of the Whiteside in the state of the Illinois.

(11.)  For the <u>D. Purnell</u> is of the filing of the "Notice of Federal Tax Lien" with the county-recorder of the county of the Whiteside in the state of the Illinois in the <u>Attachment of the Nine</u> which is of the record in the totality by the reference unto the same.

(12.)  For the <u>Stuart Parker</u> is of the filing of the "Notice of Federal Tax Lien" with the county-recorder of the county of the Whiteside in the state of the Illinois in the <u>Attachment of the Ten</u> which is of the record in the totality by the reference unto the same.

(13.)  For the <u>John L. Schoenecker</u> and for the <u>Karen A. Smith</u> are of the delivery of the "paper of the <u>Attachment of the Eight</u>" unto the Larry:Wolfe by the United-States-Mail in the Whiteside in the state of the Illinois.

(14.)  For the cause of the action  in the compliance of the Amendment-7 of the Constitution of the United-States for the controversy is in the excess of the amount of the 20.00 for the right of the demand is by the trial by the jury by the rules of the common-law.

Copy

In the 14th-Judicial-Circuit, of the county, of the Whiteside, of the Illinois

For the Larry:Wolfe (of the creation in the image of the Creator)
    of the Plaintiff                (
    for the Larry Wolfe and for the LARRY WOLFE (
    and for the LARRY E. WOLFE and for    )
    the Larry E. Wolfe  (juristic-property)   )
                                    (
                                    )
                                    (     for the number  <u>08 L6 ST</u>
                                    )

In the action                      )
                                    (     for the Constructive-Notice

with the
<u>D. P. Mullarkey</u>               (
<u>Karen A. Smith</u>             )
<u>John L. Schoenecker</u>        (
<u>D. Purnell</u>                  )
<u>Stuart Parker</u>              (

FILED
CIRCUIT COURT WHITESIDE COUNTY
DATE _____
CLERK

of the Defendants.

For the Larry:Wolfe is of the declarations in the truth:

## FOR THE CONSTRUCTIVE-NOTICE

For the duty of the Defendants or the counsel for the Defendants is for the avoidance of the violation of the rights of the Larry:Wolfe.

For the rules of this court are by the rules of the common-law.

In this cause of the action for the rules of the Civil-Procedure at the variance with the rules of the common-law are of the subjugation unto the rules of the common-law for the preservation of the rights of the due process and of the proper-procedure of the common-law. In the specific, for the term "complaint" by the mention in the 5/2-602. is of the technical-terminology for the action in the equity in the civil-law. For the corresponding-pleading of the complaint in the civil-law is by the declaration for the damages in common-law.

For the form of the pleading of the declaration in the common-law is of the similarity with the form of the pleading of the action in the civil-law. Wherein the pleadings of the action in the common-law are of the:

"The first of the pleadings on the part of the plaintiff in an action at law, being a formal

For the page *1* is of the two. For the copyright is by the Larry:Wolfe on the March-10. 2008

COPY

In the 14th-Judicial-Circuit, of the county, of the Whiteside, of the Illinois

For the Larry:Wolfe (of the creation in the image of the Creator)
    of the Plaintiff                           (
    for the Larry Wolfe and for the LARRY WOLFE (
    and for the LARRY E. WOLFE and for     )
    the Larry E. Wolfe  (juristic-property)    )
                                          (
                                        )
                                        (    for the number  08 L6 ST
                                        )
                                        (
In the action                       )
                                        (    for the Constructive-Notice
with the                       )
D. P. Mullarkey                 (
Karen A. Smith                 )
John L. Schoenecker          (
D. Purnell                      )
Stuart Parker                   (

        of the Defendants.
For the Larry:Wolfe is of the declarations in the truth:

## FOR THE CONSTRUCTIVE-NOTICE

For the duty of the Defendants or the counsel for the Defendants is for the avoidance of the violation of the rights of the Larry:Wolfe.

For the rules of this court are by the rules of the common-law.

In this cause of the action for the rules of the Civil-Procedure at the variance with the rules of the common-law are of the subjugation unto the rules of the common-law for the preservation of the rights of the due process and of the proper-procedure of the common-law. In the specific, for the term "complaint" by the mention in the 5/2-602. is of the technical-terminology for the action in the equity in the civil-law. For the corresponding-pleading of the complaint in the civil-law is by the declaration for the damages in the common-law.

For the form of the pleading of the declaration in the common-law is of the similarity with the form of the pleading of the action in the civil-law. Wherein the pleadings of the action in the common-law are of the:

"The first of the pleadings on the part of the plaintiff in an action at law, being a formal

methodical specification of the facts and circumstances constituting his cause of action. It commonly comprises several sections of divisions, called "counts", and its formal parts follow each other in this order: Title, venue, commencement, cause of action, counts, conclusion. The declaration at common law, answers to ... the "petition" in civil law, the "complaint" in code pleading.... U.S. v. Ambrose, 108 U.S. 336, 2 S. Ct. 682, 27 L. Ed. 746; Railway Co. v. Nugent, 86 Md. 349, 38 A. 779, 39 L.R.A. 161"

For the wording in the previous-quote is in the corruption of the language, for the intent of the words is of the understanding.

For the "Title" is by the declaration of the damages
For the "Venue" is by the declaration for the jurisdiction of the court
For the "commencement" is by the laying-out of the circumstance
For the "cause of action" is by the statement of the facts of the acts of the parties in the declaration
For the "counts" is by the declaring of the acts of the parties in the easily-understood-narration of the facts
For the "conclusions" for the Plaintiff by the burden of the proof of the allegations in the summation of the acts of the Defendants and by those summations is for the showing of the damage by the said-Defendants against the Plaintiff.

For the system of the law by the expounding in the rules of the Civil-Procedure by the general-construction of the wording is for the adjudication of the matters in the civil-law in the contradistinction with the common-law.

For the determination of the truth is in the venue of the trial by the jury. For the declaration of the facts in the action is of the evidence of the trespass against the rights of the Larry:Wolfe. For the Larry:Wolfe is of the submission unto the trial by the jury for the determination of the acts of the Defendants.

under the penalty of the perjury for the false-witness for the <u>LARRY WOLFE</u> and for the <u>Larry Wolfe</u> and for the <u>LARRY E. WOLFE</u> and for the <u>Larry E. Wolfe</u> by the Larry:Wolfe.

_Larry: Wolfe_____, for the signature is by the Larry:Wolfe

_Linda R Topp_____, for the signature is by the Notary-Public

on the date of the _12th day of March 2008_

For the Seal is of the notary

Larry:Wolfe
General-delivery
Galt, Illinois
(61037)
815-625-5662

OFFICIAL SEAL
LINDA R TOPP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/26/09

For the page 2 is of the two. For the copyright is by the Larry:Wolfe on the March-10, 2008

*Copy*

### In the 14th-Judicial-Circuit, of the county, of the Whiteside, of the Illinois

| | | |
|---|---|---|
| For the Larry:Wolfe (of the creation in the image of the Creator) | | for the declaration |
| as the complainant | ( | in the law is for |
| for the Larry Wolfe and for the LARRY WOLFE | ( | the damages |
| and for the LARRY E. WOLFE and for | ) | |
| the Larry E. Wolfe   (juristic-property) | ) | for the number _OF C L ST_ |
| | ( | |
| | ) | for the Bill of the |
| | ( | Particulars is by the |
| | ) | number |
| | ( | |
| In the action | ) | for the Trial is by the Jury |
| | ( | |
| with the | ) | |
| D. P. Mullarkey | ( | |
| Karen A. Smith | ) | |
| John L. Schoenecker | ( | |
| D. Purnell | ) | |
| Stuart parker | (. | |

FILED
CIRCUIT COURT WHITESIDE COUNTY
DATE ___ 2 _ 20 _ 0 _
CLERK
*Sheila J. Schipper*

**as the respondents.**
For the Larry:Wolfe is of the declarations in the truth:

## FOR THE JURISDICTION IN THE PERSONUM;

1. For the authority for the Larry:Wolfe as the declaring-party is by the fact of the status of the LARRY WOLFE and of the Larry Wolfe and of the LARRY E. WOLFE and of the Larry E. Wolfe as the designations of the property as the juristic-persons.

2. For the maxim of the law for the same-kind is of the limitation for the doing of the business with the same-kind and with the no-other.

3. For the status under the law is for the superiority of the man above the creations of the man in the form of the corporate-entities or the juristic-persons.

4. For the status of the juristic-person as the property is by the requirement for the ownership of the juristic-person in the private-world or in the public-world.

5. For the evidence of the right of the ownership of the designations of the aforesaid as the juristic-persons is by the Larry:Wolfe in the Attachment of the One of the part of the record in the totality by the reference unto the same.

For the page 1 is of the fifteen. For the copyright is by the Larry:Wolfe on the February 18, 2008

6. For the <u>D. P. Mullarkey</u>, and for the <u>Karen A. Smith</u>, and for the <u>John L. Schoenecker</u>, and for the <u>D. Purnell</u> and for the <u>Stuart Parker</u> are of the appearance of the designations for the names of the creations in the image of the Creator.

7. For the <u>D. P. Mullarkey</u> is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature in the Attachment of the Three and of the Five of the record in the totality by the reference unto the same.

8. For the <u>Karen A. Smith</u>, is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature in the Attachment of the Eight of the record in the totality by the reference unto the same.

9. For the <u>John L. Schoenecker</u>, is of the commission of the signing of the certain-paper of this record with the signature or the of the signature in the Attachment of the Eight of the record in the totality by the reference unto the same.

10. For the <u>D. Purnell</u>, is of the commission of the signing of the certain-paper of this record with the signature or the facsimile of the signature and of the filing of the same with the county-recorder in the Whiteside of the Illinois in the Attachment of the Nine of the record in the totality by the reference unto the same.

11. For the <u>Stuart Parker</u> is of the commission of the signing of the certain-paper of the record with the signature or the facsimile of the signature and of the filing of the same with the county-recorder in the Whiteside of the Illinois in the Attachment of the Ten of the record in the totality by the reference unto the same.

12. For the Larry:Wolfe is of the creation in the image of the Creator.

13. For the Larry:Wolfe is of the physicality in the county of the Whiteside in the Illinois.

14. For the Illinois is of the failure of the location in the Federal Zone of the ILLINOIS.

15. For the Larry:Wolfe is of the status of the man and is of the failure of the status of the "person."

16. For the Illinois is outside the definition of the 4 U.S.C.S. section 110(d).

17. For the Larry:Wolfe is of the state of the being of the no-contract with the parties as the respondents.

18. For the Larry:Wolfe is of the keeping of the totality of the rights.

19. For the acts of the recording of the paper of the attachments is within the county of the Whiteside.

20. For the acts of the receiving of the paper of the attachments by the Larry:Wolfe is within the county of the Whiteside.

21. For the county of the Whiteside in the Illinois is of the geographical-location in the world of the physical.

22. For the respondents are of the subjection to the jurisdiction of the court of the record.

23. For the respondents by the participation in the actions are of the liability .


## FOR THE JURISDICTION IN THE REM

24. For the rights of the Larry:Wolfe are under the rights of man  and under the Common-Law.

25. For the recognition of the common-law in the Illinois is by the Revised-Statutes of the Illinois in the Chapter of the 28.

26. For the action in the common-law is in the court of the record.

27. For the controversy is in the excess of the twenty-dollars in the accordance of the Amendment of the seven in the Bill of Rights.

28. For the court of the record is of the superior-court.

29. For the D. Purnell and for the Stuart Parker are of the filing of the "Notice of Federal Tax Lien" with the county-recorder of the county of the Whiteside in the state of the Illinois.

30. For the determining of the action in the local-court is by the Authority of the Code of the civil procedure in the Illinois by the citation in the
      "110 ss 12-621 Inconclusiveness of judgments
          ss 12-621. Inconclusiveness of judgments.
          (a) A foreign judgment is not conclusive if
               (2) the foreign court did not have personal jurisdiction over the defendant
               (3) the foreign court did not have jurisdiction over the subject matter.

          (b) A foreign judgment need not be recognized if
               (2) the judgment was obtained by fraud
               (3) the cause of action on which the judgment is based is repugnant to the
                   public policy of this State
               (4) the judgment conflicts with another final and conclusive judgment"

31. For the determination of the action in the local-court is by the Authority of the Code of the

For the page 3 is of the fifteen. For the copyright is by the Larry:Wolfe on the February 18, 2008

civil procedure in the Illinois by the citation of the "110 Part 6. Foreign Judgments paragraph 12-603. Application for registration

ss 12-603. Application for registration. A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and any subsequent facts....and a prayer that the judgment be registered. The Clerk of the court in which the petition is filed shall mail by certified mail return receipt requested to the clerk of the court which rendered the original judgment a notice, which shall be prepared and presented to the clerk by petitioner, that application for registration has been made, and shall request him or her to file this information with the judgment. The filing of the petition constitutes registration of the foreign judgment."

32. For the court of the record as the superior-court is of the status whereby the inferior-courts and the foreign-courts are of the prohibition of the movement of the record of the court of the record.

33. For the <u>D. P. Mullarkey</u> is of the delivery of the "paper (letters)" to the Larry:Wolfe on the July 12, 2007 and on the July 26, 2007 in the county of the Whiteside in the state of the Illinois.

34. For the <u>D. Purnell</u> is off the filing of the "Notice of Federal Tax Lien" with the county-recorder of the county of the Whiteside in the state of the Illinois in the Attachment of the Nine which is of the record in the totality by the reference unto the same.

35. For the <u>Stuart Parker</u> is of the filing of the "Notice of Federal Tax Lien" with the county-recorder of the county of the Whiteside in the state of the Illinois in the Attachment of the Ten which is of the record in the totality by the reference unto the same.

36. For the <u>John L. Schoenecker</u> and for the <u>Karen A. Smith</u> are of the delivery of the "paper of the Attachment of the Eight" with the Larry:Wolfe by the United-States-Mail in the Whiteside in the state of the Illinois.

37. For the cause of the action is in the compliance of the Amendment-7 of the Constitution of the United-States for the controversy is in the excess of the amount of the 20.00 for the right is by the trial by the jury by the rules of the common-law.

**FOR THE VENUE**;

For the Venue is in the county of the Whiteside of the Illinois for the reasons by the declaration in the **FOR THE JURISDICTION IN THE REM** and in the **FOR THE**

**JURISDICTION IN THE PERSONUM.**

For the page 4 is of the fifteen. For the copyright is by the Larry:Wolfe on the February 18, 2008

### FOR THE CAUSE OF THE ACTION

38. For the Larry:Wolfe is of the submitting unto "Thomas P. Cole or his associate of the "FOR THE NOTICE IS OF THE FINAL-PAYMENT" for the receipt of the same is on the June 25, 2007 for the evidence is by the Attachment of the Two which is of the making a part of the record in the totality by the reference unto the same.

39. For the Larry:Wolfe is of the receipt of the paper of the refusal of the "FOR THE NOTICE IS OF THE FINAL-PAYMENT" by the D. P. Mullarkey on date of the July 13, 2007 for the evidence is by the Attachment of the Three which is of the making a part of the record in the totality by the reference unto the same.

40. For the Larry:Wolfe is of the submitting unto the "D. P. Mullarkey" and unto the "Karen A. Smith" of the certification of the "of the tender for the discharge in the full" in the accordance with the rules of the "commercial code" (have copy of the Illinois rules) with the title of the FOR THE NOTICE IS OF THE OFFER FOR THE TENDER IN THE FULL for the receipt of the same is on the July 19, 2007 for the evidence is by the Attachment of the Four which is of the making a part of the record in the totality by the reference unto the same.

41. For the Larry:Wolfe is of the receipt of the paper of the acceptance of the FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL by the D. P. Mullarkey on date of the July 13, 2007 for the evidence is by the Attachment of the Five which is of the making a part of the record in the totality by the reference unto the same.

42. For the Larry:Wolfe is of the submitting unto the "D. P. Mullarkey" and unto the "Karen A. Smith" by the certification of the "acceptance of the tender for the offer of the discharge is of the agreement" (have copy of the Illinois rules) for the receipt of the same is on the August 6, 2007 for the evidence is by the Attachment of the Six which is of the making a part of the record in the totality by the reference unto the same.

43. For the Larry:Wolfe is of the declaration of the receipt of no-other communication by the D. P. Mullarkey or by the Karen A. Smith by the date of the September 21, 2007 which is of the extension of the grace-period for the rebuttal for the period of the time of the thirty-days and with the weekend-days added unto the thirty.

44. For the Larry:Wolfe is of the submitting unto the Recorder's Office of the county of the Whiteside in the Illinois for the filing of the "For the Default-Judgment is of the record." is on the September 21, 2007 for the evidence is by the Attachment of the Seven which is of the making a part of the record in the totality by the reference unto the same.

45. For the Larry:Wolfe is of the receipt on the date of the February 9, 2007 at the United-States-Post-Office in the general-delivery of the paper by the John L. Schoenecker, in the form of the

"cover-letter; <u>UNITED STATES' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSES OF AMENDING THE SECOND AMENDED ORDER FOR A JUDICIAL SALE AND APPLYING PAYMENT RECEIVED TO DEFAULT JUDMENT, MOTION TO AMEND SECOND AMENDED ORDER, AND MOTION TO APPLY PAYMENT RECEIVED TO DEFAULT JUDGMENT; NOTICE OF MOTION; ORDER TO REOPEN CASE; THIRD AMENDED ORDER OF SALE; ORDER OF APPLICATION OF PAYMENT;</u> for the evidence is by the Attachment of the Eight  which is of the making a part of the record in the totality by the reference unto the same.

46.  For the <u>D. Purnell</u> is of the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991 by the Attachment of the  Nine which is of the making a part of the record in the totality by the reference unto the same.

47.  For the <u>Stuart Parker</u> is of the signing of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u> and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000 by the Attachment of the Ten which is of the making of the record in the totality by the reference unto the same.


## <u>FOR THE CONCLUSIONS</u>

48.  For the terms of the "FOR THE NOTICE IS OF THE FINAL-PAYMENT" are of the refusal. For the Larry:Wolfe is of the denial of the correctness of the document of Attachment of the Three for the denial is not of the limitation by these:
   A.  in the form of the letter is in the attempt of the making for the Sterling of the Illinois as the part of the Federal Zone by the use of the "Sterling, IL."
   B.  by the use of the address of the 4210 Lincolnway which is not an address of the use of the Larry:Wolfe.
   C.  is not verified
   D.  is of the writing in the fiction by the corruption of the words and of the phrases, by the improper use of the prepositions and of the articles and of the making of the nouns into the verbs and into the adverbs.Does .

49.  For the new-offer with the many-improvements with the caption of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> is of the making .

   A.  For the offer is of the verification by the declaration under the penalty of the perjury to the truth and of the facts of this document.
   B.  By the wording and by the construction for the offer is of the certification.
   C.  For the offer is of the "bona fide."
   D.  For the offer is with the valuable-consideration by the offering of the "United States Postal Money Order" for the twenty-one-dollars.
   E.  For the "presentment" is without the dishonor of the "judgment."
   F.  For the "offer for the tender in the full" is within the parameters of the

For the page 6 is of the fifteen.  For the copyright is by the Larry:Wolfe on the February 18, 2008

commercial-code.

G. For the "offer for the tender in the full" is by the clarification in the paragraph of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR</u> <u>THE TENDER IN THE FULL</u> wherein the statement is "For the offer is for the tender in the amount of the $45,000.00 for the amount in the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** on the page of the 5 (five) at the number of the 6. For the subtraction of the good-faith-tender of the $21.00 leaves for the balance for the offer for the tender in the amount of the $44,979."

H. For the bona-fide-offer by the clearness in the wording in the "offer for the tender in the full" is by the verification for the tender in the full of the $45,000.00 upon the terms of :

(1.) For the offer is of the valid on the condition of the remittance for the Larry:Wolfe at the general-delivery at the United-States-Post-Office in the Galt, of the Illinois of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87."

(2.) For the possession of the "United States Postal Money Order" by the <u>Department of the Treasury</u> or the <u>Internal Revenue Service</u> or the <u>United States</u> or the <u>U.S. Department of Justice, Tax Division</u> or the agent beyond the ten-days is of the evidence of the acceptance of the terms of the offer for the tender for the discharge in the full.

I. For the Larry:Wolfe is of the honor and of the acceptance of the "Notice of Federal Tax Lien Under Internal Revenue Laws" and of the **SECOND** **AMENDED ORDER FOR A JUDICIAL SALE** on the condition of the remittance of the forms of the demand and by the keeping of the "United States Postal Money Order" beyond the deadline of the demand.

J. For the right of the Larry:Wolfe is for the possession of the certified-copies of the "1040's" for the "1040's" of the demands are of the underpinnings and are of the authority for the whole-procedure. For the right of the Larry:Wolfe is for the examination of the witnesses against the name.

K. For the "1040's" without the verification are of the void of the tender for the offer of the discharge of the $45,000.00.

L. For the date of the return of the "United States Postal Money Order" to the Larry:Wolfe is of the July 18, 2007.

M. For the "respondents" of the <u>D. P. Mullarkey</u> or by the <u>Karen A. Smith</u> are of the keeping of the "United States Postal Money Order" until the day of the February 18, 2008.

N. For the keeping of the "United States Postal Money Order" by the respondents is of the acceptance of the terms of the new-contract offer in the <u>FOR THE</u> <u>NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN</u> <u>THE FULL</u> .

O. For the respondents "for the refusal of the offer of the tender for the "lien" is of the acceptance of the discharge of the "lien" or the debt or the obligation."

50.   For the Larry:Wolfe by the study of the paper of the acceptance of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u>   by the <u>D. P. Mullarkey</u> on the date of the July 13, 2007 in the Attachment of the Five  states that the letter fails for the counter-offer.

A. For the "acceptance" in the form of the letter is in the attempt of the making for the Sterling of the Illinois as the part of the Federal Zone by the use of the  "Sterling, IL."

B. For the evidence of the address of the 4210 Lincolnway for the Larry:Wolfe is of the Nil.

C. For the evidence of the mailing-location for the Larry:Wolfe  at the general-delivery of the United-States-Post-Office in the Galt of the Illinois and in the no-other-location for the attachments are of the witness by the total of the seven of the references.

Does not constitute a bona-fide contract offer

D. For the Attachment of the Five is of the failure of the verification.

E. For the Attachment of the Five is in the fiction-writing

F. For the Attachment of the Five is of the attempting of the speak unto the wrong entity

G. For the  <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE</u>
<u>TENDER IN THE FULL</u>   is by the bona-fide offer with the verification and by the certification.

51.    For the failure of the repudiation of the contract or the return of the United States Postal Money Order within the deadline is in the declaration in the Attachment of the Six with the delivery-confirmation on the date of the August 6, 2007.

1. By the fact of the acceptance of the new-contract and by the breach of the new-contract and by the default on the new-contract for the failure of the presentment of the  <u>signed and of the</u> <u>verified under the oath of the correctness and of the truth of the</u> "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"  for the <u>Department of the Treasury</u> or the <u>Internal Revenue Service</u> or the <u>United States</u>  or the <u>U.S. Department of Justice, Tax Division</u> or the agent  or the "Attorney General" is of the waiver of the rights or the privileges or the claims of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE**  and  of the <u>Notice of Federal Tax Lien Under Internal Revenue Laws</u>.

52. By the refusal for the repudiation of the contract or the return of the Unites States Postal Money Order within the deadline for the <u>Karen A. Smith</u> and for the  <u>D. P. Mullarkey</u>  are of the submission to the jurisdiction of the "For the Default-Judgment is of the record." by the acquiescence and by the breach of the terms of the <u>FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL</u> for the determination of the fraud or the depravation of the rights under the color of the law of the Larry:Wolfe or the property of the Larry:Wolfe in the trial by the jury of the people of the county.

53. For the submitting unto the Recorder's Office of the county of the Whiteside in the Illinois for the filing of the "For the Default-Judgment is of the record." on the September 21, 2007 by the Attachment of the Seven is of the evidence of the proper-procedure by the Larry:Wolfe. For the respondents by the acquiescence and by the breach of the terms of the FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL are of the forfeiture of all rights and of the privileges in the action.

54. For the Larry:Wolfe is of the submission of the Default-Judgment with the county-recorders-office after the 30 days of grace as per the rules of the "commercial code" by the evidence of the Attachment of the Seven.

55. For the John L. Schoenecker and for the Karen A. Smith by the delivery of the "paper of the Attachment of the Eight" unto the Larry:Wolfe by the United-States-Mail in the Galt in the Whiteside in the state of the Illinois are in the violation of the For the Default-Judgment is of the record.
   A. For the actions are with the full knowledge of the default of the FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL
   B. For the actions are by the use of the United States Mail.
   C. For the statements are in the fraud.
   D. For the claim is of the fraud against the rights of the Larry:Wolfe
   E. For the Larry:Wolfe is of the inability for the acceptance of United States Mail at the address of 4210 West Lincolnway, Sterling, Illinois:
   F. For the renter from the 3-D Trust is of the residence at the address
   G. For the Larry:Wolfe and for the LARRY WOLFE and for the Larry Wolfe and for the LARRY E. WOLFE and for the Larry E. Wolfe are of the non-domicile at the address of 4210 West Lincolnway, Sterling, Illinois
   H. For the Larry:Wolfe and for the LARRY WOLFE and for the Larry Wolfe and for the LARRY E. WOLFE and for the Larry E. Wolfe are of the non-residence at the address of 4210 West Lincolnway, Sterling, Illinois
   I. For the Larry:Wolfe and for the LARRY WOLFE and for the Larry Wolfe and for the LARRY E. WOLFE and for the Larry E. Wolfe are of the non-dwelling at the address of 4210 West Lincolnway, Sterling, Illinois
   J. For the Larry:Wolfe and for the LARRY WOLFE and for the Larry Wolfe and for the LARRY E. WOLFE and for the Larry E. Wolfe are of the non-beneficiaries of the 3-D Trust.
   K. For the Larry:Wolfe and for the LARRY WOLFE and for the Larry Wolfe and for the LARRY E. WOLFE and for the Larry E. Wolfe are of the non-trustees of the 3-D Trust.
   L. For the Larry:Wolfe is of the non-acceptance of the truthfulness or the accuracy of the Attachment of the Eight.

56. For the record is of the showing of the claim by the respondents against the rights of the Larry:Wolfe without the lawful-authority.

57. For the record is of the showing of the demands of the Fraud by the respondents through the

mail by the United-States-Post-Office and by the mail of the United-States-Postal-Service.

58. For the D. Purnell by the signing of the Notice of Federal Tax Lien Under Internal Revenue Laws and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991 by the Attachment of the Nine is of the statement in the fraud.

59. For the D. Purnell by the signing of the Notice of Federal Tax Lien Under Internal Revenue Laws and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the July 17, 1991 by the Attachment of the Nine for the filing of the said-item in the violation of the Illinois Revised Statutes 110 Part 6. Foreign Judgments paragraph 12-603. Application for registration is of the depravation of the rights of the due-process of the Larry:Wolfe.

60. For the Stuart Parker by the signing of the Notice of Federal Tax Lien and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000 by the Attachment of the Ten is of the statement in the fraud.

61. For the Stuart Parker by the signing of the Notice of Federal Tax Lien and of the filing of the said with the county-recorder's-office of the county of the Whiteside in the Illinois on the date of the December 28, 2000 by the Attachment of the Ten for the filing of the said-item in the violation of the Illinois Revised Statutes 110 Part 6. Foreign Judgments paragraph 12-603. Application for registration is of the depravation of the rights of the due-process of the Larry:Wolfe.

62. For the Larry:Wolfe by the declaration under the penalty of the perjury states that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-filing by the Larry:Wolfe or the LARRY WOLFE or the Larry Wolfe or the LARRY E. WOLFE or the Larry E. Wolfe .

63. For the Larry:Wolfe by the declaration under the penalty of the perjury states that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-signing by the Larry:Wolfe or the LARRY WOLFE or the Larry Wolfe or the LARRY E. WOLFE or the Larry E. Wolfe

64. For the Larry:Wolfe by the declaration under the penalty of the perjury states that the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87"1040 are of the non-seen by the Larry:Wolfe. or the LARRY WOLFE or the Larry Wolfe or the LARRY E. WOLFE or the Larry E. Wolfe

## FOR THE DECLARATION FOR THE DAMAGES

For the declaration for the damages against the <u>D. P. Mullarkey</u> in the fraud for the false-accusation for the claim of the $45,000.00 is for the $45,000.00.

For the declaration for the damages against the <u>D. P. Mullarkey</u> in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $21.00.

For the declaration for the damages against the <u>Karen A. Smith</u> in the fraud for the false-accusation for the claim of the $45,000.00 is for the $45,000.00.
For the declaration for the damages against the <u>Karen A. Smith</u> in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $21.00.

For the declaration for the damages against the <u>Karen A. Smith</u> in the perjury of the testimony by the evidence in the Attachment of the Eight

For the declaration for the damages against the <u>John L. Schoenecker</u> in the fraud for the false-accusation for the claim of the $45,000.00 is for the $45,000.00.

For the declaration for the damages against the <u>John L. Schoenecker</u> in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $21.00.

For the declaration for the damages against the <u>D. Purnell</u> in the fraud for the false-accusation for the claim of the $28,949.09 is for the $28,949.09 .

For the declaration for the damages against the <u>Stuart parker</u> in the fraud for the false-accusation for the claim of the $28,987.09 is for the $28,987.09.

<p align="center">For the punitive-damages</p>

For the declaration for the punitive-damages against the <u>D. P. Mullarkey</u> in the fraud for the false-accusation for the claim of the $45,000.00 is for the $150,000.00.

For the declaration for the punitive-damages against the <u>D. P. Mullarkey</u> in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $63.00.

For the declaration for the punitive-damages against the <u>Karen A. Smith</u> in the fraud for the false-accusation for the claim of the $45,000.00 is for the $150,000.00.

For the page *ii* is of the fifteen.  For the copyright is by the Larry:Wolfe on the February 18, 2008

For the declaration for the punitive-damages against the <u>Karen A. Smith</u> in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $63.00.

For the declaration for the punitive-damages against the <u>Karen A. Smith</u> in the perjury of the testimony by the evidence in the Attachment of the Eight is for the $500,000.00.

For the declaration for the punitive-damages against the <u>John L. Schoenecker</u> in the fraud for the false-accusation for the claim of the $45,000.00 is for the $150,000.00.

For the declaration for the punitive-damages against the <u>John L. Schoenecker</u> in the fraud by the theft of the $21.00 in the form of the United-States-Postal-Money-Order is for the $63.00.

For the declaration for the punitive-damages against the <u>D. Purnell</u> in the fraud for the false-accusation for the claim of the $28,949.09 is for the $100,000.00 .

For the declaration for the punitive-damages against the <u>D. Purnell</u> in the depravatioin of the rights of the due-process for the claim is for the $100,000.00 .

For the declaration for the punitive-damages against the <u>Stuart parker</u> in the fraud for the false-accusation for the claim of the $28,987.09 is for the $100,000.00.

For the declaration for the punitive-damages against the <u>Stuart parker</u> in the depravatioin of the rights of the due-process for the claim is for the $100,000.00 .

## FOR THE DECLARATION OF THE AMOUNT-DUE

| | |
|---|---|
| For the declaration for the damages against the D. P. Mullarkey of the | $45,000.00 |
| For the declaration for the damages against the D. P. Mullarkey of the | $21.00 |
| For the declaration for the punitive-damages against the D. P. Mullarkey of the | $150,000.00 |
| For the declaration for the punitive-damages against the D. P. Mullarkey of the | $63.00 |
| For the sum-certain for the damages against the D. P. Mullarkey is of the | $195.084.00 |

| | |
|---|---|
| For the declaration for the damages against the Karen A. Smith of the | $45,000.00 |
| For the declaration for the damages against the Karen A. Smith of the | $21.00 |
| For the declaration for the punitive-damages against the Karen A. Smith of the | $150,000.00 |
| For the declaration for the punitive-damages against the Karen A. Smith of the | $63.00 |
| For the declaration for the punitive-damages against the Karen A. Smith of the | $500,000.00 |
| For the sum-certain for the damages against the Karen A. Smith is of the | $695.084.00 |

| | |
|---|---|
| For the declaration for the damages against the John L. Schoenecker of the | $45,000.00 |
| For the declaration for the damages against the John L. Schoenecker of the | $21.00 |
| For the declaration for the punitive-damages against the John L. Schoenecker of the | $150,000.00 |
| For the declaration for the punitive-damages against the John L. Schoenecker of the | $63.00 |
| For the sum-certain for the damages against the John L. Schoenecker is of the | $195.084.00 |

| | |
|---|---|
| For the declaration for the damages against the D. Purnell of the | $28,949.09 |
| For the declaration for the punitive-damages against the D. Purnell of the | $100,000.00 |
| For the declaration for the punitive-damages against the D. Purnell of the | $100,000.00 |
| For the sum-certain for the damages against the D. Purnell is of the | $228,949.09 |

| | |
|---|---|
| For the declaration for the damages against the Stuart parker of the | $28,987.09 |
| For the declaration for the punitive-damages against the Stuart parker of the | $100,000.00 |
| For the declaration for the punitive-damages against the Stuart parker of the | $100,000.00 |
| For the sum-certain for the damages against the Stuart parker is of the | $228,987.09 |

for the declarations of the amounts-due are in the truth under the penalty of the false-witness and of the perjury to the best of the knowledge and of the understanding of the Larry:Wolfe before the notary.

For the page 13 is of the fifteen.  For the copyright is by the Larry:Wolfe on the February 18, 2008

_____by the Larry:Wolfe

_____by the notary-public

on the date of the _____     .

For the Seal is of the notary

under the penalty of the perjury for the false-witness for the <u>LARRY WOLFE</u> and for the <u>Larry Wolfe</u> and for the <u>LARRY E. WOLFE</u> and for the <u>Larry E. Wolfe</u> by the Larry:Wolfe.

<u>**For the declaration is in the truth.**</u>

For the declarations are in the truth under the penalty of the false-witness and of the perjury to the best of the knowledge and of the understanding of the Larry:Wolfe before the notary by the Larry:Wolfe .

_____, for the signature is by the Larry:Wolfe

_____, for the signature is by the Notary-Public

on the date of the _____     .

For the Seal is of the notary

```
Larry:Wolfe
General-delivery
Galt, Illinois
(61037)
```

For the    D. P. Mullarkey
At the     "U.S. Department of Justice. Tax Division"
At the     P.O. Box 55
Of the     Ben Franklin Station
In the     Washington, of the D.C. 20044

For the    Karen A. Smith
At the     "U.S. Department of Justice. Tax Division"
At the     555 4th St. NW Room 7112
Of the     Ben Franklin Station
In the     Washington, of the D.C. 20044

For the    John L. Schoenecker
At the     "U.S. Department of Justice, Tax Division"
At the     555 4th St. NW Room 7112
Of the     Ben Franklin Station
In the     Washington, of the D.C. 20044

### For the list of the Attachments

1. My notice in the paper
2. "FOR THE NOTICE IS OF THE FINAL-PAYMENT" sent to Thomas Cole.
3. Refusal by Mullarkey "FOR THE NOTICE IS OF THE FINAL-PAYMENT"
4. FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL sent to D. P. Mullarkey and Karen A. Smith
5. This is received by me of the acceptance FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL sent to D. P. Mullarkey
6. "acceptance of the tender for the offer of the discharge is of the agreement" is sent to D. P. Mullarkey and Karen A. Smith
7. "For the Default-Judgment is of the record." is of the filing with the count-recorder
8. "cover-letter "by the John L. Schoenecker,; UNITED STATES' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSES OF AMENDING THE SECOND AMENDED ORDER FOR A JUDICIAL SALE AND APPLYING PAYMENT RECEIVED TO DEFAULT JUDMENT, MOTION TO AMEND SECOND AMENDED ORDER, AND MOTION TO APPLY PAYMENT RECEIVED TO DEFAULT JUDGMENT; NOTICE OF MOTION; ORDER TO REOPEN CASE; THIRD AMENDED ORDER OF SALE; ORDER OF APPLICATION OF PAYMENT is of the receipt by Larry:Wolfe
9. For the D. Purnell is of the signing of the Notice of Federal Tax Lien Under Internal Revenue Laws
10. For the Stuart Parker is of the signing of the Notice of Federal Tax Lien

*for the attachment of The One*

No. *5433*

# *Certificate of Publication*

**State of Illinois SS.**
**Whiteside County**

This is to Certify that a notice, a true copy of which is hereto attached, was published in the *Daily Gazette*, a secular newspaper of general circulation published daily in the City of Sterling, in the County of Whiteside and State of Illinois, by **SAUK VALLEY NEWSPAPERS**, a corporation existing under the laws of said State, once each week for *3* successive weeks; that the date of the first paper containing said notice was the *31st* day of *August* , _____, and that the date of the last paper containing said notice was the *14th* day of *September* , *2006*.

And this is to further certify that said newspaper have been regularly published for one year prior to the first publication of said notice therein, and that the person who signs the name of said company to this certificate is as appears by the records of said company, it's duly authorized agent for such purpose.

Dated at Sterling, in said county, this *31st* day of *August* , *2006*.

**NOTICE**
The designations, Larry E. Wolfe, Larry Eugene Wolfe, Larry Wolfe, LARRY WOLFE, LARRY E. WOLFE, LARRY EUGENE WOLFE, and LEW are property of the Larry-Wolfe. The herein designations do not identify the Lawful Christian man known as Larry-Wolfe. Any use of these designations by an entity for the purpose of profit or gain without the written permission of the Lawful Christian man Larry-Wolfe will constitute a Trespass against the Larry-Wolfe. I declare taht all of the statements made herein are true and correct. '
Larry Wolfe
Dated August 29, 2006
August 31, 2006;
September 7, 14, 2006

**Daily Gazette**

Publication Fee $ *76.23*

by: _____
            Authorized Agent

Received payment
Daily Gazette

by: _____

*Attachment] of*
*The Two*

 For the jurisdiction is under the 3-color-flag

| | |
|---|---|
| By the | Larry:Wolfe |
| At the | General delivery |
| In the | Galt, of the Illinois  (61037) |

| | |
|---|---|
| For the | Thomas P. Cole or his associate |
| As the | Trial-Attorney |
| At the | "U.S. Department of Justice, Tax Division" |
| At the | P.O. Box 55 |
| Of the | Ben Franklin Station |
| In the | Washington, of the D.C. 20044 |

For the Case no: 00-CV-50349  in the regards of the  LARRY E. WOLFE  with the  SSN 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
And of the paper of the 5141-91 of the serial-number of the 369121357

FOR THE  NOTICE IS OF THE FINAL-PAYMENT

For the offer is for the tender in the payment in the full as the final-payment of the judgment.  For the now-tense is of the language of the truth for the statement is of the noun, of the verb, of the preposition and of the article.   For the confusion of the English-language is by the statement in the complex-sentence-structure.

For the offer is of the presentment without the dishonor.  For the tender is of the final-payment for the Notice of Federal Tax Lien Under Internal Revenue Laws and of the Case no: 00-CV-50349 for the discharge of the "Lien."  For the "Notice"  is of the exhibit of the one.

For the time-limit for the response of the contract-offer is of the fourteen-days of the date of the sending.

For the requirement of the acceptor of the tender in the payment in the full as the final-payment of the judgment is for the deposition  of the acceptance and of the release of the "Lien" and of the entirety of the claims in the record of the LARRY E. WOLFE at the Recorder's-Office in the county of the Whiteside, in the state of the Illinois at the location of the 200 East Knox Street  in the city of the Morrison within the fourteen-days of the mail-date.

In the alternative, for the demand is of the respondent  for the verification of the truth, for the verification of the facts, for the verification of the law and for the verification of the contract of the jurisdiction or the nexus between the  LARRY E. WOLFE  and of the "Department of the Treasury "and or the "Internal Revenue Service."  For the verification is of the requirement of the statement by the sworn-testimony, under the penalty of the perjury, for the truth of the figures of the amounts-due for the years in the allegations.  For the truth  by the presentation of the contract of the LARRY E. WOLFE as the debtor of the United States  is of the requirement for the verification in the truth.  For the declaration in the now-tense is of the requirement for the verification in the truth.

For the document of the Notice of Federal Tax Lien Under Internal Revenue Laws is of the deposit and in the record of the county of the Whiteside of the Illinois.  For the determination of the truth or the fraud of paper in the records of the state of the Illinois are in the totality of the jurisdiction of the courts of the state of the Illinois.  For the determination of the Notice of Federal Tax Lien Under Internal Revenue Laws in the truth or  the fraud is of the jurisdiction of the trial by the jury by the people of the Whiteside of the Illinois.

For the copyright is by the Larry:Wolfe on the day of the twenty-one of the sixth-month of the year of the 2007.
For the page-one is of the two.  For the thumb-print is of the seal.

By the operation of the law, "Mr. Thomas P. Cole" or the associate is of the Notice of the limit of the time for the fourteen-days. For the acceptance of the discharge is of the agreement or in the alternative for the presentment of the true-bill in the truth and of the verification under the penalty of the perjury is of the presentment in the time of the fourteen-days. For the statements without the verification are under the Title of the 18 of the subsection of the 242 of the United-States-Code. For the quotation is of the "Depravation of Rights Under Color of Law."

For the truth, for the tender in the payment in the full as the final-payment of the judgment is of the amount of the $21.00 in the form of the "United States Postal Money Order" and is of the deposit in the United-States-Post-Office on the day of the 21 (twenty-one) of the sixth-month of the two-thousand-seven-year of the Lord. For the possession of the "United States Postal Money Order" by the <u>Department of the Treasury</u> or the <u>Internal Revenue Service</u> or the <u>United States</u> or the <u>U.S. Department of Justice, Tax Division</u> or the agent beyond the fourteen-days is of the evidence of the acceptance of the discharge in the full.

For the honor of the presentment is not of the admission of the statements or the allegations of the paper by the <u>U.S. Department of Justice, Tax Division</u>, or the <u>Department of the Treasury</u> or the <u>Internal Revenue Service</u> or the agent. For the honor of the presentment by the counter-offer by the Larry:Wolfe, is for the final-settlement of the controversy without the need of the filing of the criminal-complaint in the local-court by the trial by the jury or the district-court of the United-States.

For the authority by the Larry:Wolfe of the tender is by the evidence of the declaration in the newspaper. For the Larry:Wolfe is of the name of the man. For the <u>LARRY E. WOLFE</u> is of the straw-man-designation. For the Larry:Wolfe is of the ownership of the <u>LARRY E. WOLFE</u>. For the true-copy of the declaration is of the exhibit of the two.

For the copyright is by the Larry:Wolfe on the day of the twenty-one of the sixth-month of the year of the 2007.
For the page-two is of the two. For the thumb-print is of the seal.

s



*For the exhibit of the Owe* [handwritten]

Form 668 (Y)
(Rev. January 1991)

449

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien Under Internal Revenue Laws

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| Chicago, IL | 369121357 | 5141-91 JUL 17 1991 ~~Whiteside~~ 9 30 AM *Marvin J. Van Zuiden* |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, notice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer    LARRY E. WOLFE

Residence    711 SECOND AVENUE
             STERLING, IL  61081

**IMPORTANT RELEASE INFORMATION:** With respect to each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/85 | 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 | 10/04/90 | 11/03/00 | 10703.74 |
| 1040 | 12/31/86 | 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 | 10/04/90 | 11/03/00 | 10012.54 |
| 1040 | 12/31/87 | 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 | 10/04/90 | 11/03/00 | 8232.81 |

| Place of Filing | | |
|---|---|---|
| Recorder of Deeds Whiteside County Morrison,  IL  61270 | Total  $ | 28949.09 |

This notice was prepared and signed at ___Chicago, IL___, on this,

the __2nd__ day of __July__, 19 __91__.

| Signature | Title |
|---|---|
| *[signature]* for D. Sudduth | Revenue Officer 36-01-4506 |

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Form 668 (Y) (Rev. 1-91)

Part 1 - Kept By Recording Office

*For The exhibit of The TWO*

No. 5433

# *Certificate of Publication*

**State of Illinois SS.**
**Whiteside County**

This is to Certify that a notice, a true copy of which is hereto attached, was published in the *Daily Gazette*, a secular newspaper of general circulation published daily in the City of Sterling, in the County of Whiteside and State of Illinois, by **SAUK VALLEY NEWSPAPERS**, a corporation existing under the laws of said State, once each week for __3__ successive weeks; that the date of the first paper containing said notice was the ___31st___ day of ___August___, _____, and that the date of the last paper containing said notice was the ___14th___ day of ___September___, ___2006___.

And this is to further certify that said newspaper have been regularly published for one year prior to the first publication of said notice therein, and that the person who signs the name of said company to this certificate is as appears by the records of said company, it's duly authorized agent for such purpose.

Dated at Sterling, in said county, this ___31st___ day of ___August___, ___2006___.

**Daily Gazette**

by: _Deborah Brumschmidt_

Authorized Agent

Publication Fee $ __76.83__

Received payment
Daily Gazette

by: _Deborah Brumschmidt_

**NOTICE**
The designations, Larry E. Wolfe, Larry Eugene Wolfe, Larry Wolfe, LARRY WOLFE, LARRY E. WOLFE, LARRY EUGENE WOLFE, and LEW are property of the Larry-Wolfe. The herein designations do not identify the Lawful Christian man known as Larry-Wolfe. Any use of these designations by an entity for the purpose of profit or gain without the written permission of the Lawful Christian man Larry-Wolfe will constitute a Trespass against the Larry-Wolfe. I declare taht all of the statements made herein are true and correct.
Larry Wolfe
Dated August 29, 2006
August 31, 2006;
September 7, 14, 2006

*Office of the Law Revision Counsel, U.S. House of Representatives*

Home   Search   Download   Classification   Codification   About



[ Go to 1st query term(s) ]

-CITE-

**18 USC** Sec. **242**                                                01/03/

-EXPCITE-

   TITLE 18 - CRIMES AND CRIMINAL PROCEDURE

   PART I - CRIMES

   CHAPTER 13 - CIVIL RIGHTS

-HEAD-

   Sec. 242. Deprivation of rights under color of law

-STATUTE-

    Whoever, under color of any law, statute, ordinance, regulation,

or custom, willfully subjects any person in any State, Territory,

Commonwealth, Possession, or District to the deprivation of any

rights, privileges, or immunities secured or protected by the

Constitution or laws of the United States, or to different

punishments, pains, or penalties, on account of such person being

an alien, or by reason of his color, or race, than are prescribed

for the punishment of citizens, shall be fined under this title or

imprisoned not more than one year, or both; and if bodily injury

results from the acts committed in violation of this section or if

such acts include the use, attempted use, or threatened use of a

dangerous weapon, explosives, or fire, shall be fined under this

title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

-SOURCE-

(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90-284, title I, Sec. 103(b), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100-690, title VII, Sec. 7019, Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103-322, title VI, Sec. 60006(b), title XXXII, Secs. 320103(b), 320201(b), title XXXIII, Sec. 330016(1)(H), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104-294, title VI, Secs. 604(b)(14)(B), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.)

-MISC1-

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., Sec. 52 (Mar. 4, 1909, ch. 321, Sec. 20, 35 Stat. 1092).

Reference to persons causing or procuring was omitted as unnecessary in view of definition of "principal" in section 2 of this title.

A minor change was made in phraseology.

AMENDMENTS

1996 - Pub. L. 104-294, Sec. 607(a), substituted "any State,

**UNITED STATES POSTAL SERVICE®**

# POSTAL MONEY ORDER

15-800
000

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | U.S. DOLLARS AND CENTS |
|---|---|---|---|
| 10796679347 | 2007-06-18 | 610810 | $$$21$00¢ |

TWENTY ONE DOLLARS & 00¢ **************

AMOUNT:

PAY TO

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

ADDRESS

FROM *Larry: Wolfe*

CLERK
0001

ADDRESS

C.O.D. NO OR
USED FOR

*for LARRY F WOLFE*

⑆00000800 2⑆          10796679347⑈     SSN 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

Registered No.

RB148563017US

| | | |
|---|---|---|
| Reg. Fee | $9.50 | |
| Handling Charge | $0.00 | Return Receipt $2.15 |
| Postage | $0.97 | Restricted Delivery $0.00 |
| Received by | | |

Date Stamp

0481
05
06/21/07

Customer Must Declare Full Value $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

Domestic Insurance up to $25,000 is included in the fee. International indemnity is limited. (See Reverse).

To Be Completed By Post Office

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

61081

FROM
*Larry Walte*
*general delivery*
*Galt, Ill.*

61037

TO
*Thomas P. Cole or Associate / Trial Attor.*
*U.S. Dept. Justice, Tax Div.*
*P.O. Box 55  Ben Franklin Station*
*Washington, D.C. 20044*

PS Form 3806,
May 2004 (7530-02-000-9051)
For domestic delivery information, visit our website at www.usps.com ®

Receipt for Registered Mail
Copy 1 - Customer
(See Information on Reverse)

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Thomas P. Cole - or Associate*
*Trial Attorney*
*U.S. Dept. of Justice, Tax Div.*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Emmit L. Parkin*    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
JUN 2 5 2007

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☒ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    RB 148 563 017 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



Exhibit T of
The Three

**U.S. Department of Justice**

**Tax Division**

|  | Please reply to: | Civil Trial Section, Northern Region |
|---|---|---|
| Facsimile No. (202) 514-5238 | | P.O. Box 55 |
| Trial Attorney: Karen A. Smith | | Ben Franklin Station |
| Attorney's Direct Line: (202) 307-6588 | | Washington, D.C. 20044 |

EJO'C:DPM:Smith:ce
5-23-17208
CMN 2000106463

**JUL 1 2 2007**

Mr. Larry Wolfe
4210 Lincolnway
Sterling, IL 61081

     Re:    United States of America v. Wolfe, et al.
           <u>Case No. 00-50349 (USDC N.D. Illinois)</u>

Dear Mr. Wolfe:

     To the extent that your tender of the $21.00 postal money order constituted an offer to settle the above-captioned case for that amount, please be advised that your offer is rejected on behalf of the Attorney General. Also please be advised that your attempt to make the offer "final" if you did not hear from this office within fourteen days cannot bind the United States. An offer cannot be accepted without affirmative action on part of the proper authority within the United States. Accordingly, we are returning your postal money order to you at this time.

     As you are aware, the Court entered default judgment against you on March 27, 2002. (Copy Attached). Your opportunity to present your claims and defenses to the liability at issue was before entry of judgment and/or through appeal after entry of the judgment. Your failure to take any of these steps to protect your rights now bars you from contesting the liability at issue. Accordingly, we plan to proceed with the sale of the real estate at issue as allowed by the Second Amended Order for a Judicial Sale entered by the Court on December 13, 2006. (Copy Attached).

                              Sincerely yours,

                              RICHARD T. MORRISON
                              Acting Assistant Attorney General
                              Tax Division

          By:

                 D. PATRICK MULLARKEY
                   Chief, Civil Trial Section,
                    Northern Region

- 2 -

Enclosures

cc:    Patrick J. Fitzgerald, Esquire
       United States Attorney
       Northern District of Illinois
       308 West State, Room 300
       Rockford, Illinois  61101

       David Chapman, PALS Unit
       Internal Revenue Service
       Via Fax: 706/650-3264

1517018.1

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50349 | **DATE** | 12/13/2006 |
| **CASE TITLE** | USA vs. Wolfe | | |

**DOCKET ENTRY TEXT:**

United States' motion to reopen case for the limited purpose of amending the first amended order for a judicial sale and motion to amend first amended order is granted. Enter second amended order for a judicial sale. Case closed.

Notices mailed by Judicial staff

00:05

**F I L E D**

DEC 1 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

| | Courtroom Deputy Initials: | smw |
|---|---|---|

00C50349 USA vs. Wolfe

Page 1 of 1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | Hon. Philip G. Reinhard |
| ROCK FALLS SAVINGS & LOAN ASSOC., | ) | |
| FIRST BANK MORTGAGE, STATE OF | ) | Magistrate P. Michael Mahoney |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| KAREN J. MULNIX, | ) | |
| the TREASURER OF WHITESIDE COUNTY | ) | |
| GREENWOOD TRUST, d/b/a DISCOVER | ) | |
| CARD, DENISE F. MCPHERSON, f/k/a | ) | |
| DENISE F. WOLFE, | ) | |
| | ) | |
| Defendants. | ) | |

**F I L E D**

DEC 1 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

## SECOND AMENDED ORDER FOR A JUDICIAL SALE

The United States of America, having moved the Court to Amend the First

Amended Order for Judicial Sale which was based upon a default judgment against

Larry E. Wolfe, entered by Judge Philip G. Reinhard on April 3, 2001 (by way of the

entry of an order adopting the March 9, 2001 Report and Recommendation of

Magistrate P. Michael Mahoney), and the United States being entitled to a sale of the

property identified in the First Amended Complaint, with the net proceeds, after claims

with a priority higher than the United States having been paid, used to satisfy the United

States' tax liens on such property, and the other defendants who have appeared having

received this proposed Order for a Sale and having either consented to its entry or

having filed no opposition to it, it is hereby ORDERED:

      1.    The United States' tax liens attach to the property identified in the First

Amended Complaint at paragraph seventeen, such property being located at 4210

Lincolnway, Sterling, Illinois, and more particularly described as follows:

> Part of the East Half of the East Half of Section Twenty-four, in Township
> Twenty-one North, Range Six East of the Fourth Principal Meridian,
> Whiteside County, Illinois, describes as follows:  Commencing at the
> Northeast corner of the East Half of the Southeast Quarter of Section
> Twenty-four, Township Twenty-one North, Range Six East of the Fourth
> Principal Meridian, Whiteside County, Illinois; thence South on the East
> line of said Section Twenty-four, 880 feet; thence West parallel with the
> North line of said Southeast Quarter, 206.7 feet to the place of beginning;
> thence West parallel with the North line of the Southeast Quarter, 60 feet;
> thence South and parallel with the East line of said Southeast Quarter,
> 208.35 feet; thence Easterly parallel and 50 feet equal distance from the
> centerline of S.B.I. Route 86 (also known as State Route 2) 62.9 feet;
> thence North and parallel to the East line of said Southeast Quarter, 189.4
> feet to the place of beginning.
>      AND
> Part of the East Half of the East Half of Section Twenty-four, in Township
> Twenty-one North, Range Six East of the Fourth Principal Meridian,
> Whiteside County, Illinois, described as follows: Commencing at the
> Northeast corner of the East Half of the Southeast Quarter of Section
> Twenty-four in Township Twenty-one North, Range Six East of the Fourth
> Principal Meridian, Whiteside County, Illinois; thence South on the East
> line of said Section Twenty-four, 880 feet; thence West parallel with the
> North line said Southeast Quarter 266.7 feet to the place of beginning;
> thence West parallel with the North Line of said Southeast Quarter, 60 feet
> to a pipe; thence South and parallel with the East line of said Southeast
> Quarter, 223.4 feet to a pipe; thence Easterly parallel and 50 feet equal
> distance from the centerline of S.B.I. Route 86 (also known as StateRoute
> 2) 61.95 feet; thence North and parallel to the East line of said Southeast
> Quarter, 208.35 feet to the place of beginning.

This property shall be referred to as the "Property" in the remainder of this Order for a

Sale.

2.    The United States' liens are ordered foreclosed.  A judicial sale of the Property shall occur, which sale shall be conducted in accordance with the provisions of this Second Amended Order for a Judicial Sale.

3.    The IRS' Property and Appraisal Liquidation Specialists (PALS) shall offer the  Property for sale at public auction, free and clear of all liens and interests of the parties (except as provided below), such public sale to commence at a time and place to be announced by PALS, after first being advertised at least once a week for four consecutive weeks preceding the date fixed for sale in a daily newspaper of general circulation in Whiteside County, and by such other notice as PALS deems appropriate. The proceeds of the sale are to be distributed as set forth in paragraph five below.  The Property shall be offered for sale subject to confirmation by the Court, and upon such confirmation and receipt of the entire purchase price, PALS shall deliver to the purchaser of the Property a quit claim deed.  No bids (except a bid made by the United States) shall be accepted unless the same be accompanied by a certified check or cash deposit of $10,000 and (except as to the United States) the balance of the purchase price shall be tendered to PALS by the successful bidder within sixty days following the date of confirmation of the sale, in the form of a certified check or cash.  If the successful bidder defaults in this requirement, the deposit made by the successful bidder shall be forfeited and retained by PALS as part of the proceeds of sale and the Property shall be again offered for sale in the same manner as set forth herein.

4.    In the event PALS is unable to sell the Property in accordance with the terms and conditions set forth in this Order for a Judicial Sale, PALS shall again offer the Property for sale at a public auction, to be announced by the PALS, after again

- 3 -

being advertised at least once each week for four consecutive weeks preceding the

date fixed for such sale in a daily newspaper of general circulation in Whiteside County,

and by such other notice as the PALS deems appropriate. The notice of sale shall

contain the terms and conditions of sale as set forth above.

     5.    The proceeds from the sale of the Property shall be distributed first to pay

the expenses of the sale, and second in the following order and in the stated amount

together with interest as allowed by law:

> The interest represented by the unpaid local real estate taxes for tax year
> 1997 shall be paid first, and this interest shall be paid as follows. If the
> interest for such taxes is held by a tax certificate holder, such interest shall
> be satisfied by tendering to the attorney for the County of Whiteside, on
> behalf of the holder of tax sale certificate 1997-0067, the amount
> necessary to fully redeem that certificate. This amount shall then be
> tendered to the tax sale certificate holder, who shall relinquish tax sale
> certificate 1997-0067 to the Whiteside County Clerk. In the event a sale-
> in-error is entered with respect to tax sale certificate 1997-0067, the
> interest for such taxes shall be satisfied by tendering to the attorney for
> the County of Whiteside the amount paid to the certificate holder as a
> result of the sale-in-error declaration. In the event that an interested party
> redeems the tax certificate under local law, the interest for such taxes
> shall be satisfied by tendering to the redeeming party the amount paid by
> it to redeem the taxes, plus any interest due to such redeeming party
> under local law.

> The interest of First Bank Mortgage, as successor to River Valley Savings
> and Loan Association and Rock Falls Savings and Loan Association, shall
> be satisfied second, and such interest shall be satisfied by having
> distributed to its attorneys the sum of $6,721.85, (reduced by any
> payments made on the mortgage after March 31, 2001, and increased by
> any interest accruing on the mortgage from March 31, 2001, until the date
> of closing on the judicial sale).

> After the interest of First Bank Mortgage has been satisfied, the proceeds
> shall be distributed to the United States of America, in satisfaction of the
> default judgment, entered on April 3, 2001.

> Any remaining proceeds shall be deposited with the Clerk of the Court,
> and the parties notified that excess proceeds have been deposited, so that

- 4 -

the parties can take whatever action they deem appropriate to pursue claims against such proceeds.

6.    The minimum bid for the Property shall be set at $45,000.

7.    The Property shall be sold subject to the local real estate taxes for tax year 2000, which taxes are payable in 2001, and for all subsequent tax years.

8.    The Defendant, Larry Wolfe, shall remove himself and his possessions from the Property within thirty days of the date that the Property is sold.

9.    After the sale of the Property, PALS is authorized to take possession of the Property and shall have (along with any other appropriate government representatives or other persons retained by the government) free access to the Property and take all actions necessary to preserve the Property until the Property is delivered to a successful purchaser.

10.    After the sale of the Property, a copy of this Order for a Judicial Sale shall be personally served upon any persons living on any of the structures on the Property (or, if such persons cannot be served personally, by mailing a copy of this Order for Judicial Sale to any persons known to be living on the Property), and any such persons shall remove themselves and their possessions from the Property within 30 days from the date that they are served with this Second Amended Order for a Judicial Sale. If they fail to remove themselves and/or their possessions, the United States Marshal for

the Northern District of Illinois is authorized to take any and all actions necessary to

remove them and/or their possessions from the premises.

**IT IS SO ORDERED.**

Dated:   _12-13-2006_           _____
                                HON. PHILIP G. REINHARD
                                UNITED STATES DISTRICT JUDGE

*Attachment of The Five Four*

*Copy (Orig)*

 For the jurisdiction is under the 3-color-flag

By the    Larry:Wolfe
At the    General delivery
In the    Galt, of the Illinois  (61037)

For the    D. PATRICK MULLARKEY
At the    "U.S. Department of Justice, Tax Division"
At the    P.O. Box 55
Of the    Ben Franklin Station
In the    Washington, of the  D.C. 20044

For the    Karen A. Smith
At the    "U.S. Department of Justice, Tax Division"
At the    555 4th St. NW Room 7112
Of the    Ben Franklin Station
In the    Washington, of the  D.C. 20044

For the Case no: 00-CV-50349  in the regards of the   LARRY E. WOLFE   with the waiver of the benefits of the  SSN 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  and of the paper of the number of the CMN 2000106463.

**FOR  THE  NOTICE  IS  OF  THE HONOR BY THE OFFER  FOR THE TENDER  IN THE FULL**
For the offer is for the tender in the full for the "judgment."  For the now-tense is of the language of the truth for the statement is of the noun, of the verb, of the preposition and of the article.

For the offer is of the "presentment" without the dishonor.  For the tender is of the final-payment for the **SECOND AMENDED ORDER FOR A JUDICIAL SALE**  and of the Case no: 00-CV-50349  for the discharge of the "Lien."

For the time-limit for the response of the contract-offer is of the ten-days of the date of the sending.

For the requirement of the acceptor of the offer for the tender in the  full as the final-payment of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE**  is for the deposition  of the acceptance and of the release of the "Lien" and of the entirety of the claims in the record of the  LARRY E. WOLFE  at the Recorder's-Office in the county of the Whiteside, in the state of the Illinois at the location of the 200 East Knox Street  in the city of the Morrison within the ten-days of the mail-date.

For the offer is for the tender in the amount of the $45,000.00 for the amount in the **SECOND AMENDED ORDER FOR A JUDICIAL SALE**  on the page of the 5 (five) at the number of the 6. For the subtraction of the good-faith-tender of the $21.00 leaves for the balance for the offer for the tender in the amount of the $44,979.

For the truth, for the tender in the payment in the full as the partial-payment of the judgment is of the amount of the $21.00 in the form of the "United States Postal Money Order" and is of the deposit in the United-States-Post-Office on the day of the 18 (eighteen) of the seventh-month of the two-thousand-seven-year of the Christ.  For the possession of the "United States Postal Money Order" by the  Department of the Treasury  or the  Internal Revenue Service  or the  United States  or the U.S. Department of Justice.

For the copyright is by the Larry:Wolfe on the day of the 18 of the seventh-month of the year of the 2007. For the page-one is of the two.  For the thumb-print is of the seal.

<u>Tax Division</u> or the agent beyond the ten-days is of the evidence of the acceptance of the terms of the offer for the tender for the discharge in the full.

For the offer is of the valid on the condition of the remittance for the Larry:Wolfe at the general-delivery at the United-States-Post-Office in the Galt, of the Illinois of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87."

By the operation of the law. <u>D. PATRICK MULLARKEY</u> and <u>Karen A. Smith</u> are of the Notice of the limit of the time for the ten-days. For the acceptance of the tender for the offer of the discharge is of the agreement by the presentment of the proof of the claim of the signed and of the verified under the oath of the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" for the "12/31/87."

For the proof of the claim is of the requirement for the deposit and for the delivery into the hands of the Larry:Wolfe by the ten-days of the date of the letter.

For the basis of the "Notice of Federal Tax Lien Under Internal Revenue Laws" and of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** is the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" for the "12/31/87." For the record is in the possession of the "1040" for the "tax period" of the "12/31/85", for the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" for the "12/31/87. For the right of the Larry:Wolfe is of the certified-copies of the "1040's". For the "1040's" without the verification are of the void of the tender for the offer of the discharge of the $45,000.00.

For the Larry:Wolfe is of the honor and of the acceptance of the "Notice of Federal Tax Lien Under Internal Revenue Laws" and of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** on the condition of the remittance of the forms and of the papers of the demand.

For the refusal of the offer of the tender for the "lien" is of the acceptance of the discharge of the "lien" or the debt or the obligation.

For the Larry:Wolfe is of the declaration of the truth and of the facts of the statements of the **FOR THE NOTICE IS OF THE HONOR BY THE OFFER FOR THE TENDER IN THE FULL** and for the Larry:Wolfe is of the testimony by the signature and by the seal.

For the copyright is by the Larry:Wolfe on the day of the 18 of the seventh-month of the year of the 2007. For the page-two is of the four. For the thumb-print is of the seal.

**For the testimony is by the Larry:Wolfe and is of the witness by the Notary-Public.**

For the Notary-Public is of the witness of the signature and of the knowledge of the signer as the Larry:Wolfe. For the Larry:Wolfe is of the declaration in the presence of the Notary under the penalty of the perjury to the truth and of the facts of this document.

_____ , for the signature is by the Larry:Wolfe

_____ , for the signature is by the Notary-Public

7 - 18 - 2007 _____ , for the date is of the witness of the signature

For the seal is by the Notary-Public

```
OFFICIAL SEAL
ELVIRA BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 05, 2010
```

For the copyright is by the Larry:Wolfe on the day of the 18 of the seventh-month of the year of the 2007. For the page-three is of the four. For the thumb-print is of the seal.

For the copies are of the remittance:

Patrick J. Fitzgerald, Esquire
United States Attorney
Northern District of Illinois
308 West State, Room 300
Rockford, Illinois  61101

For the copyright is by the Larry:Wolfe on the day of the 18 of the seventh-month of the year of the 2007.
For the page-four is of the four.  For the thumb-print is of the seal.

Attachment of The

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D. Patrick Mullarkey
U.S. Dept. Justice, Tax Div.
P.O. Box 55
Bent Franklin Station
Washington, D.C. 20044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Norberg
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
L. Norberg    7-15-07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 0220 0003 6970 9136

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**U.S. Department of Justice**

**Tax Division**

    *Five*

*Facsimile No. (202) 514-5238*
*Trial Attorney: Karen A. Smith*
*Attorney's Direct Line: (202) 307-6588*

*Please reply to:  Civil Trial Section, Northern Region*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

EJO'C:DPM:Smith:ce
5-23-17208
CMN 2000106463

Mr. Larry Wolfe                                July 26, 2007
4210 Lincolnway
Sterling, IL 61081

     Re:    United States of America v. Wolfe, et al.
              <u>Case No. 00-50349 (USDC N.D. Illinois)</u>

Dear Mr. Wolfe:

      To the extent that your tender of the $21.00 postal money order constituted an offer to settle the above-captioned case for $45,000, please be advised that your offer is accepted on behalf of the Attorney General provided that the following conditions are met:

      1.  The remaining balance of the settlement offer, $41,979.00, must be paid by cashier's check or postal money order payable to the U.S. Department of Treasury;

      2.  The payment of $41,979.00, must be sent to the attention of Karen A. Smith at the above address;

      3.  The $41,979.00 payment must be received by this office on or before August 6, 2007.

If we receive payment according to all of the above terms, the judgment against you in this matter will be marked satisfied, the remaining liabilities covered by the judgment will be abated, the lien(s) related to the liabilities covered by the judgment will be released, and the foreclosure action will not be pursued further.

- 2 -

If we do not receive a postal money order or certified check, payable to the U.S. Dept of Treasury, sent to Ms. Smith's attention at the above address on or before August 6, 2007, we will return your good faith tender of the $21 money order you sent with your letter post-marked July 18, 2007, and proceed with the foreclosure action as planned.

Sincerely yours,

RICHARD T. MORRISON
Acting Assistant Attorney General
Tax Division

By:

D. PATRICK MULLARKEY
Chief, Civil Trial Section,
Northern Region

cc:    Patrick J. Fitzgerald, Esquire
       United States Attorney
       Northern District of Illinois
       308 West State, Room 300
       Rockford, Illinois  61101

       Gregory J. Stull, Esquire
       Office of Chief Counsel
       (312) 368-8712

1517018.1

*Attachment of the Six*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Samuel L. Parks_   ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery<br>AUG 0 6 2007<br>D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>D. PATRICK MULLARKEY<br>US. Dept. Justice, Tax div.<br>P.O. Box 55<br>Ben Franklin Station<br>Washington, D.C.<br>20044 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? ( *Extra Fee* )  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | EB618581982US |

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540



For the jurisdiction is under the 3-color-flag

By the   Larry:Wolfe
At the   General delivery
In the   Galt, of the Illinois (61037)

For the  D. PATRICK MULLARKEY
At the   "U.S. Department of Justice, Tax Division"
At the   P.O. Box 55
Of the   Ben Franklin Station
In the   Washington, of the D.C. 20044

For the  Karen A. Smith
At the   "U.S. Department of Justice, Tax Division"
At the   555 4th St. NW Room 7112
Of the   Ben Franklin Station
In the   Washington, of the D.C. 20044

For the Case no: 00-CV-50349 in the regards of the LARRY E. WOLFE with the waiver of the benefits of the SSN 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 and of the paper of the number of the CMN 2000106463.

For the letter of the agreement for the contract for the "acceptance of the tender for the offer of the discharge is of the agreement" is of the receipt.

For the "Attorney General" is of the acceptance of the "contract-offer" as the new-contract by the authority of the letter.

By the "possession of the "United States Postal Money Order" by the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent beyond the ten-days is of the evidence of the acceptance of the terms of the offer for the tender for the discharge in the full" and "for the offer is of the valid on the condition of the remittance for the Larry:Wolfe at the general-delivery at the United-States-Post-Office in the Galt, of the Illinois of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87.""

For the deadline is of the July:28:2007 for the repudiation of the contract or the return of the "United States Postal Money Order."

For the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent is of the retainment of the United States Postal Money Order on the date of the July:31:2007.

For the date of the present-day is of the July:31:2007.

For the copyright is by the Larry:Wolfe on the day of the 31 of the seventh-month of the year of the 2007. For the page-one is of the three. For the thumb-print is of the seal.

For the Larry:Wolfe is of the failure of the receipt of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87."

For the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General" is of the failure of the adherence of the "remittance for the Larry:Wolfe at the general-delivery at the United-States-Post-Office in the Galt, of the Illinois of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87" of the contract-offer as the new-contract.

For the law of the Law-Merchant and for the law of the contracts is of the fact for the superiority of the new-contract by the acceptance of the "contract-offer" as the replacement of the alleged-former-contracts of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** and of the Notice of Federal Tax Lien Under Internal Revenue Laws.

For the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General" is in the breach of the new-contract.

For the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General" is in the default of the terms of the new-contract.

By the fact of the acceptance of the new-contract and by the breach of the new-contract and by the default on the new-contract for the failure of the presentment of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87" for the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General" is of the waiver of the rights or the privileges or the claims of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** and of the Notice of Federal Tax Lien Under Internal Revenue Laws.

For the jurisdiction of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** and of the Notice of Federal Tax Lien Under Internal Revenue Laws in the records of the county-recorder of the county of the Whiteside of the Illinois is in the local-court. For the jurisdiction of the county-records is beyond the jurisdiction of the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General" for the determination of the fraud or the depravation of the rights under the color of the law of the Larry:Wolfe or the property of the Larry:Wolfe in the trial by the jury of the people of the county.

For the demand by the Larry:Wolfe for the presentment of the signed and of the verified under the oath of the correctness and of the truth of the "1040" for the "tax period" of the "12/31/85", of the "1040" for the "tax period" of the "12/31/86", and for the "1040" for the "tax period" of the "12/31/87" is of the right. For the "items" of the mention in the previous-sentence are of the record and of the right for the examination for the verification of the allegations of the Notice of Federal Tax Lien Under Internal Revenue Laws and of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** .

For the copyright is by the Larry:Wolfe on the day of the 31 of the seventh-month of the year of the 2007. For the page-two is of the three. For the thumb-print is of the seal.

For the refusal of the offer of the tender for the discharge for the Notice of Federal Tax Lien Under Internal Revenue Laws and of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** by the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General" is of the acceptance of the discharge of the "lien" or the debt or the obligation by the operation of the law under the authority of the Law-Merchant.

For the "contract-offer" as the new-contract is of the acceptance by the virtue of the keeping of the "United States Postal Money Order" by the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent beyond the ten-days. For the new-contract of the "contract-offer" by the acceptance and of the breach is in the default. For the default is of the status of the waiver of the "contract" of the "privileges" of the rights of the claims of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE** and of the Notice of Federal Tax Lien Under Internal Revenue Laws by the Department of the Treasury or the Internal Revenue Service or the United States or the U.S. Department of Justice, Tax Division or the agent or the "Attorney General."

**For the testimony is by the Larry:Wolfe and is of the witness by the Notary-Public.**

For the Notary-Public is of the witness of the signature and of the knowledge of the signer as the Larry:Wolfe. For the Larry:Wolfe is of the declaration in the presence of the Notary under the penalty of the perjury to the truth and of the facts of the document.

_____ , for the signature is by the Larry:Wolfe

_____ , for the signature is by the Notary-Public

_____ , for the date is of the witness of the signature

For the seal is by the Notary-Public

```
OFFICIAL SEAL
CHERYL R ALLEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/05/11
```

For the copies are of the remittance:

Patrick J. Fitzgerald, Esquire
United States Attorney
Northern District of Illinois
308 West State, Room 300
Rockford, Illinois  61101

For the copyright is by the Larry:Wolfe on the day of the 31 of the seventh-month of the year of the 2007. For the page-three is of the three. For the thumb-print is of the seal.

*Attachment of The Seven*

+7



8914-2007          2

For the jurisdiction is under the 3-color-flag

| | |
|---|---|
| By the | Larry:Wolfe |
| At the | General delivery |
| In the | Galt, of the Illinois  (61037) |

| | |
|---|---|
| For the | D. PATRICK MULLARKEY |
| At the | "U.S. Department of Justice, Tax Division" |
| At the | P.O. Box 55 |
| Of the | Ben Franklin Station |
| In the | Washington, of the  D.C. 20044 |



STATE OF ILLINOIS
WHITESIDE COUNTY  SS
Filed in the Recorder's Office of said County
On            SEP 2 1 2007
at            9:30          O'clock  A.   M
Dawn M. Young          Recorder
By                            Deputy

| | |
|---|---|
| For the | Karen A. Smith |
| At the | "U.S. Department of Justice, Tax Division" |
| At the | 555 4th St. NW Room 7112 |
| Of the | Ben Franklin Station |
| In the | Washington, of the  D.C. 20044 |

## For the Default-Judgment is of the record.

**For the Larry:Wolfe under the penalty, of the perjury for the bearing of the false-witness, for the statements in the truth:**

For the new-contract is of the replacement of the alleged-former-contracts of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE**  and  of the Notice of Federal Tax Lien Under Internal Revenue Laws.

For the new-contract is of the superiority of  the former-claims or decisions by the authority of;
1. the acceptance of the new-contract through the retaining of the postal-money-order beyond the deadline-date for the rejection of the new-contract
2. the acquiescence of the new-contract by the refusal for the repudiation of the same
3. the lack of the counter-claim on the default-declaration on the breach of the new-contract
4. the operation of the law
5. the waiver of the rights or the claims of the alleged-former-contracts
6. the grace-period of the thirty-days is of the expiration.

For the  Department of the Treasury  or the  Internal Revenue Service  or the  United States  or the  U.S. Department of Justice, Tax Division  or the  D. PATRICK MULLARKEY  or the  Karen A. Smith  or the Attorney-General or the agent is in the DEFAULT.

For the  Department of the Treasury  or the  Internal Revenue Service  or the  United States  or the  U.S. Department of Justice, Tax Division  or the  D. PATRICK MULLARKEY  or the  Karen A. Smith  or the Attorney-General or the agent is of the waiver of the rights or the claims of the **SECOND AMENDED ORDER FOR A JUDICIAL SALE**  and  of the Notice of Federal Tax Lien Under Internal Revenue Laws and of the new-contract by the fact of the DEFAULT.

**are  for the record for the statements are of the verification in the truth by the Larry:Wolfe.**

For the   is of the 2. For the copyright is of the Larry:Wolfe on the date of the August:28, 2007

### For the testimony is by the Larry:Wolfe and is of the witness by the Notary-Public.

For the Notary-Public is of the witness of the signature and of the knowledge of the signer as the Larry:Wolfe. For the Larry:Wolfe is of the declaration in the presence of the Notary under the penalty of the perjury to the truth and of the facts of the document.

_____, for the signature is by the Larry:Wolfe

_____, for the signature is by the Notary-Public

_____, for the date is of the witness of the signature

For the seal is by the Notary-Public

> "OFFICIAL SEAL"
> Rhonda R Jones
> Notary Public, State of Illinois
> My Commission Expires 01-27-10

For the copies are of the remittance:

Patrick J. Fitzgerald, Esquire
United States Attorney
Northern District of Illinois
308 West State, Room 300
Rockford, Illinois 61101

For the   D. PATRICK MULLARKEY
At the    "U.S. Department of Justice, Tax Division"
At the    P.O. Box 55
Of the    Ben Franklin Station
In the    Washington, of the D.C. 20044

For the   Karen A. Smith
At the    "U.S. Department of Justice, Tax Division"
At the    555 4th St. NW Room 7112
Of the    Ben Franklin Station
In the    Washington, of the D.C. 20044

For the   is of the 2. For the copyright is of the Larry:Wolfe on the date of the August:28, 2007

8914 - 2007

(envelope)
wife
& aunt
general delivery
Malt IL 61037

Return to:
Larcey Wolfe
4318 W. Spicebruway
Sterling IL 61081

$ 25



**U.S. Department of Justice**

**Tax Division**

|  |  |
|---|---|
| *Facsimile No. (202) 514-5238*<br>*Trial Attorney: John L. Schoenecker*<br>*Attorney's Direct Line: (202) 307-6573* | *Please reply to:  Civil Trial Section, Northern Region*<br>*P.O. Box 55*<br>*Ben Franklin Station*<br>*Washington, D.C.  20044* |

NJH:DPM:JLSchoenecker
5-23-17208
CMN 2000106463                               January 31, 2008

Ms. Jennifer Titak
Courtroom Deputy
United States Courthouse, Federal Building
211 South Court Street
Rockford, IL 61101

      RE: *United States of America v. Larry E. Wolfe*, 3:00-cv-50349 (N.D. Ill.)

Dear Ms. Titak:

      Please find the enclosed courtesy copies, for the above-mentioned action, of the following documents:

-    *United States' Motion to Reopen Case for the Limited Purposes of Amending The Second Amended Order for a Judicial Sale and Applying Payment Received to Default Judgment, Motion to Amend Second Amended Order, and Motion to Apply Payment Received to Default Judgment*

-    *Notice of Motion*

-    Proposed *Order to Reopen Case*

-    Proposed *Third Amended Order of Sale*

-    Proposed *Order of Application of Payment*

      Per Judge Reinhard's standing order, the aforementioned proposed orders have been submitted electronically to the judge's chambers, via electronic mail, and copies of such proposed orders have been served on all parties to the action by copy of this mailing.

- 2 -

Should you have any questions, please do not hesitate to contact me at (202) 307-6573.

Sincerely yours,

JOHN L. SCHOENECKER
Trial Attorney
Civil Trial Section, Northern Region

ATTACHMENTS: as stated.

cc:    Mr. Larry Wolfe
        Ms. Denise F. McPherson
        Gary Spencer, Esq.
        Mr. Phillip W. Reed
        John R. Simpson, Esq.
        Mr. William Don Emmett
        Patrick J. Boyle, Esq.

3031230.1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | Hon. Philip G. Reinhard |
| ROCK FALLS SAVINGS & LOAN ASSOC., | ) | |
| FIRST BANK MORTGAGE, STATE OF | ) | Magistrate P. Michael Mahoney |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| KAREN J. MULNIX, | ) | |
| THE TREASURER OF WHITESIDE | ) | |
| COUNTY, GREENWOOD TRUST, d/b/a | ) | |
| DISCOVER CARD, DENISE F. | ) | |
| MCPHERSON, f/k/a DENISE F. WOLFE | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION TO REOPEN CASE
FOR THE LIMITED PURPOSES OF AMENDING
THE SECOND AMENDED ORDER FOR A JUDICIAL SALE AND APPLYING
PAYMENT RECEIVED TO DEFAULT JUDGMENT,
MOTION TO AMEND SECOND AMENDED ORDER,
AND MOTION TO APPLY PAYMENT RECEIVED TO DEFAULT JUDGMENT**

The United States of America, by its undersigned counsel, moves this Court to reopen this

case for the limited purpose of hearing the United States' motion for the entry of a Third Amended

Order for a Judicial Sale regarding the property that is the subject of the First Amended Complaint

in this matter. This motion also serves as the United States' Motion to Amend Second Amended

Order for the purposes of (a) giving the Internal Revenue Service, in conjunction with the United

States Marshal, the renewed authority necessary to effectuate a lawful eviction of Defendant Larry

E. Wolfe, (b) giving the Internal Revenue Service the power to dispose of personal property found

on the foreclosed real property of Defendant Wolfe, and (c) requiring Defendant Wolfe to take

specific steps to maintain the real property prior to eviction. Additionally, this motion serves as the United States' Motion to Apply Payment Received to Default Judgment.

An Amended Order of sale was entered by the Court on December 13, 2006. This motion seeks to amend the December 13, 2006, Amended Order as follows:

Under the December 13, 2006, Amended Order, the Internal Revenue Service's Property Appraisal and Liquidation Specialists ("PALS") was given the authority to sell the property at public auction after advertising the time and location of the sale at least once a week for four consecutive weeks in a newspaper of general circulation in Whiteside County. In addition to other ancillary powers provided to PALS under the Amended Order, this Court authorized PALS, in conjunction with the United States Marshal, to "take any and all actions necessary to remove [Defendant Wolfe] and/or [his] possessions from the premises." Under the proposed Order being submitted herewith, PALS will be given the specific authority to remove, dispose of, and/or sell personal property remaining on the foreclosed property at issue. Additionally, Defendant Wolfe would newly be ordered to take all reasonable steps necessary to preserve the property, including a requirement that he not commit waste against the property. Generally, the manner in which the real property at issue in this case will be sold remains unchanged.

Finally, the United States requests that this Court apply a twenty-one dollar ($21.00) Postal Money Order indorsed by Defendant Wolfe to the judgment previously filed by this Court against Defendant Wolfe. Defendant Wolfe had previously delivered such Postal Money Order to the United States in an attempt to bind the United States into accepting such Postal Money Order in

complete satisfaction of the default judgment previously filed against him and then subsequently

refusing to accept the United States' return of such Postal Money Order to him.[1]

      WHEREFORE, the United States requests that the Court reopen this case for the purposes

of entering the proposed Third Amended Order for a Judicial Sale and the proposed Order To Apply

Payment Received to Default Judgment, which are being submitted herewith.

<div style="margin-left:40%;">

PATRICK J. FITZGERALD
United States Attorney


*/s/ John L. Schoenecker*
JOHN L. SCHOENECKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 202-307-6573
Fax: (202) 514-5238
John.L.Schoenecker@usdoj.gov

</div>

---

[1]     For a detailed chronology of events surrounding Defendant Wolfe's attempt to deliver such Postal Money Order to the United States, *see* Declaration of Karen A. Smith, attached hereto as Exhibit A.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing *United States' Motion to Reopen Case for the Limited Purposes of Amending the Second Amended Order for a Judicial Sale and Applying Payment Received to Default Judgment, Motion to Amend Second Amended Order, and Motion to Apply Payment Received to Default Judgment* has been made upon those registered to receive filings via the Court's ECF/CM system and upon the following individuals by depositing a copy in the United States mail, postage prepaid, this 31st day of January 2008:

Mr. Larry Wolfe
4210 Lincolnway
Sterling, IL 61081
*and*
Galt, IL 61037

Gary Spencer, Esq.
200 East Knox
Morrison, IL 61270
(815) 772-5194
Attorney for Whiteside County

John R. Simpson
Assistant Attorney General
Illinois Department of Revenue
Willard Ice Building
101 West Jefferson St.
Springfield, IL 62702

Patrick J. Boyle, Esq.
Gunn and Gunn, P.C.
First Bank Building, Greve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, MO 63141
Attorney for First Bank Mortgage

Ms. Denise F. McPherson
711 Second Ave.
Sterling, IL 61081

Mr. Phillip W. Reed
Greenwood Trust, d/b/a Discover Card
34 Starlifter Ave.
Dover, DE 19901

William Don Emmett
Winnebago County State's Attorney's Office
400 West State St.
Suite 804
Rockford, IL 61101

*/s/ John L. Schoenecker*
JOHN L. SCHOENECKER,
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6573
Fax: (202) 514-5238
John.L.Schoenecker@usdoj.gov

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF KAREN A. SMITH

Pursuant to 28 U.S.C. § 1746, Karen A. Smith does hereby declare that:

1.  I am the trial attorney to whom responsibility for the above-captioned case is
    assigned.

2.  In that capacity, on or about June 27, 2007, my office received a letter from Larry
    Wolfe along with a Postal Money Order in the amount of $21.00 but no payee.
    His letter also purported to bind the United States to accept $21 in full payment of
    his liability if the money order was not returned to him within ten days.

3.  At the time Mr Wolfe's letter and money order arrived, I was out of the country
    but, upon my return to the office on July 12, 2007, I immediately sent Mr. Wolfe
    a letter explaining that he could not bind the United States to an offer by sending
    a letter with a deadline to respond. That letter was addressed to Mr. Wolfe at
    4210 Lincolnway, Sterling, IL 61081.

4.  In response to the July 12, 2007, letter, Mr. Wolfe returned the money order and
    sent another letter that stated he was sending the $21 as a "good faith" payment
    toward what appeared to be an offer to settle this matter for $45,000.



EXHIBIT

*A*

5.   The United States accepted Mr. Wolfe's offer to settle for $45,000, provided that
he provided the balance of the funds on or before August 6, 2007.

6.   Rather than submit the balance of the $45,000 on August 6, 2007, Mr. Wolfe sent
another letter purporting to bind the United States to a $21 offer to settle, in the
form of the money order previously submitted as his "good faith" payment toward
the $45,000 offer.

7.   On August 7, 2007, the United States sent Mr. Wolfe a certified letter returning
his $21 postal money order and again informing him that his offer was rejected by
the United States. That letter was sent to the same address as the July 12, 2007,
letter (4210 Lincolnway, Sterling, IL 61081), certified mail.

8.   Mr. Wolfe apparently refused delivery of the August 7, 2007, letter and it was
returned as undeliverable.

9.   On August 27, 2007, I placed a copy of this affidavit (in the form in which it is
now being filed with the Court) in the mail, regular delivery, to Mr. Wolfe
addressed to 4210 Lincolnway, Sterling, IL 61081:  Also enclosed in the
envelope was the $21 money order previously submitted by Mr. Wolfe.

I declare under penalty of perjury that the above is true and correct to the best of my
knowledge.

Executed this 27th day of August, 2007

*s/ Karen A. Smith*
KAREN A. SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6588

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | Hon. Philip G. Reinhard |
| ROCK FALLS SAVINGS & LOAN ASSOC., | ) | |
| FIRST BANK MORTGAGE, STATE OF | ) | Magistrate P. Michael Mahoney |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| KAREN J. MULNIX, | ) | |
| THE TREASURER OF WHITESIDE | ) | |
| COUNTY, GREENWOOD TRUST, d/b/a | ) | |
| DISCOVER CARD, DENISE F. | ) | |
| MCPHERSON, f/k/a DENISE F. WOLFE | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO:  Mr. Larry Wolfe      Ms. Denise F. McPherson
   4210 Lincolnway     711 Second Ave.
   Sterling, IL 61081     Sterling, IL 61081
   *and*
   Galt, IL 61037[1]

   Gary Spencer, Esq.     Mr. Phillip W. Reed
   200 East Knox      Greenwood Trust, d/b/a Discover Card
   Morrison, IL 61270     34 Starlifter Ave.
   (815) 772-5194      Dover, DE 19901
   Attorney for Whiteside County

---

[1] Although Defendant Wolfe's address of record has been and remains 4210 Lincolnway,
Sterling, IL 61081, upon information and belief, Defendant Wolfe has generally been
more responsive to mail communication directed to the general mailbox of Galt, IL
61037 rather than his address of record.

2048649.2

John R. Simpson
Assistant Attorney General
Illinois Department of Revenue
Willard Ice Building
101 West Jefferson St.
Springfield, IL 62702

William Don Emmett
Winnebago County State's Attorney's Office
400 West State St.
Suite 804
Rockford, IL 61101

Patrick J. Boyle, Esq.
Gunn and Gunn, P.C.
First Bank Building, Greve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, MO 63141
Attorney for First Bank Mortgage

PLEASE TAKE NOTICE that on **Wednesday, February 20, 2008**, at the hour of 9:30 a.m.,

counsel for the United States of America will appear before the Honorable Philip G. Reinhard or

whomever is sitting in his stead, in the courtroom occupied by him at the United States District Court

for the Northern District of Illinois at United States Courthouse, Federal Building, 211 South Court

Street, Rockford, IL 61101 and then and there present the *United States' Motion to Reopen Case for the

Limited Purposes of Amending the Second Amended Order for a Judicial Sale and Applying Payment

Received to Default Judgment, Motion to Amend Second Amended Order, and Motion to Apply Payment

Received to Default Judgment.*

PATRICK J. FITZGERALD
United States Attorney

*/s/ John L. Schoenecker*
JOHN L. SCHOENECKER
Trial Attorney, Northern Region
U.S. Department of Justice, Tax Division
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6573
Fax: (202) 514-5238
John.L.Schoenecker@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing *NOTICE OF MOTION* has been made upon those registered to receive filings via the Court's ECF/CM system and upon the following individuals by depositing a copy in the United States mail, postage prepaid, this 31st day of January 2008:

Mr. Larry Wolfe
4210 Lincolnway
Sterling, IL 61081
*and*
Galt, IL 61037

Ms. Denise F. McPherson
711 Second Ave.
Sterling, IL 61081

Gary Spencer, Esq.
200 East Knox
Morrison, IL 61270
(815) 772-5194
Attorney for Whiteside County

Mr. Phillip W. Reed
Greenwood Trust, d/b/a Discover Card
34 Starlifter Ave.
Dover, DE 19901

John R. Simpson
Assistant Attorney General
Illinois Department of Revenue
Willard Ice Building
101 West Jefferson St.
Springfield, IL 62702

William Don Emmett
Winnebago County State's Attorney's Office
400 West State St.
Suite 804
Rockford, IL 61101

Patrick J. Boyle, Esq.
Gunn and Gunn, P.C.
First Bank Building, Greve Coeur
11901 Olive Blvd., Suite 312
P.O. Box 419002
St. Louis, MO 63141
Attorney for First Bank Mortgage

*/s/ John L. Schoenecker*
JOHN L. SCHOENECKER
Trial Attorney, Northern Region
U.S. Department of Justice, Tax Division
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6573
Fax: (202) 514-5238
John.L.Schoenecker@usdoj.gov

2048649.2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | Hon. Philip G. Reinhard |
| ROCK FALLS SAVINGS & LOAN ASSOC., | ) | |
| FIRST BANK MORTGAGE, STATE OF | ) | Magistrate P. Michael Mahoney |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| KAREN J. MULNIX, | ) | |
| THE TREASURER OF WHITESIDE | ) | |
| COUNTY, GREENWOOD TRUST, d/b/a | ) | |
| DISCOVER CARD, DENISE F. | ) | |
| MCPHERSON, f/k/a DENISE F. WOLFE | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER TO REOPEN CASE**

A final judgment was entered in favor of the United States by the Court in the above-entitled

action, on April 3, 2001 and amended on March 27, 2002, with the Court therein determining that

the United States has valid and subsisting tax liens against Defendant Larry E. Wolfe in the sum of

$69,596 plus interest and additions. On November 27, 2006, the United States motioned this Court

to reopen the case for the limited purpose of amending the First Amended Order for a Judicial Sale,

which resulted in the Internal Revenue Service's Property Appraisal and Liquidation Specialists

("PALS") receiving the power to foreclose on real property belonging to Defendant Wolfe. Since

that time, Defendant Wolfe has failed to vacate such property. Additionally, Defendant Wolfe has

delivered a Postal Money Order in the amount of twenty-one dollars ($21.00) to the United States

in an attempt to satisfy the aforementioned default judgment in its entirety.

2760248.1

Accordingly, it is hereby ORDERED as follows:

1.　　That the above-listed case is hereby reopened for the limited purposes of amending the order of judicial sale and applying partial payments made by Defendant Wolfe to the default judgment previously entered against him.

2.　　The Court retains jurisdiction over this cause for the purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

**IT IS SO ORDERED.**

Dated: _____　　　_____
　　　　　　　　　　　　　　　　　　HON. PHILIP G. REINHARD
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

2760248.1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | Hon. Philip G. Reinhard |
| ROCK FALLS SAVINGS & LOAN ASSOC., | ) | |
| FIRST BANK MORTGAGE, STATE OF | ) | Magistrate P. Michael Mahoney |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| KAREN J. MULNIX, | ) | |
| THE TREASURER OF WHITESIDE | ) | |
| COUNTY, GREENWOOD TRUST, d/b/a | ) | |
| DISCOVER CARD, DENISE F. | ) | |
| MCPHERSON, f/k/a DENISE F. WOLFE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF APPLICATION OF PAYMENT

A final judgment was entered in favor of the Plaintiff United States by the Court in the above-entitled action, on April 3, 2001 and amended on March 27, 2002, with the Court therein determining that the United States has valid and subsisting tax liens against Defendant Larry E. Wolfe in the sum of $69,596 plus interest and additions. On or about June 27, 2007, Defendant Larry E. Wolfe attempted to make payment to the United States in the amount of twenty-one dollars ($21.00) in the form of a Postal Money Order in attempt to fully satisfy this judgment. Defendant Wolfe has since refused to accept return to him by the United States of this Postal Money Order. Because of Defendant Wolfe's refusal to accept return of this Postal Money Order, the Plaintiff United States remains in possession of such Postal Money Order but to date has not negotiated such Postal Money Order.

Accordingly, it is hereby ORDERED as follows:

1.    That aforesaid Postal Money Order shall be negotiated by the United States to apply to the default judgment against Defendant Wolfe, entered on April 3, 2001 and amended on March 27, 2002, up to the value of twenty-one dollars ($21.00) and that the balance of the outstanding default judgment shall remain in effect until satisfied in full by Defendant Wolfe.

2.    That any future forms of payment made by Defendant Wolfe to the United States for the purpose of settling the default judgment entered against him shall apply only up to the value of payment made and shall not serve to reduce the remaining balance of the default judgment beyond the value of payment made.

3.    The Court retains jurisdiction over this cause for the purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.


**IT IS SO ORDERED.**


Dated: _____        _____
                                  HON. PHILIP G. REINHARD
                                  UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 00-50349 |
| | ) | |
| LARRY E. WOLFE, | ) | Hon. Philip G. Reinhard |
| ROCK FALLS SAVINGS & LOAN ASSOC., | ) | |
| FIRST BANK MORTGAGE, STATE OF | ) | Magistrate P. Michael Mahoney |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| KAREN J. MULNIX, | ) | |
| THE TREASURER OF WHITESIDE | ) | |
| COUNTY, GREENWOOD TRUST, d/b/a | ) | |
| DISCOVER CARD, DENISE F. | ) | |
| MCPHERSON, f/k/a DENISE F. WOLFE | ) | |
| | ) | |
| Defendants. | ) | |

## **THIRD AMENDED ORDER OF SALE**

A final judgment was entered in favor of the United States by the Court in the above-entitled

action, on April 3, 2001 and amended on March 27, 2002, with the Court therein determining that

the United States has valid and subsisting tax liens against Defendant Larry E. Wolfe in the sum of

$69,596 plus interest and additions, and that the tax lien of the United States against Defendant Larry

E. Wolfe can be foreclosed and the real property, described below, be sold pursuant to 28 U.S.C. §

2001.

Accordingly, it is hereby ORDERED as follows:

1.      That federal tax liens encumber the below-described parcel of real property (the "Property") located at 4210 Lincolnway, Sterling, IL 61081. Its legal description is as follows:

> Part of the East Half of the East Half of Section Twenty-four, in Township Twenty-one North, Range Six East of the Fourth Principal Meridian, Whiteside County, Illinois, described as follows: Commencing at the Northeast corner of the East Half of the Southeast Quarter of Section Twenty-four, Township Twenty-one North, Range Six East of the Fourth Principal Meridian, Whiteside County, Illinois; thence South on the East line of said Section Twenty-four, 880 feet; thence West parallel with the North line of said Southeast Quarter 206.7 feet to the place of beginning; thence West parallel with the North line of the Southeast Quarter, 60 feet; thence South and parallel with the East line of said Southeast Quarter, 208.35 feet; thence Easterly parallel and 50 feet equal distance from the centerline of S.B.I. Route 86 (also known as State Route2) 62.9 feet; thence North and parallel to the East line of said Southeast Quarter, 189.4 feet to the place of beginning.
>
> AND
>
> Part of the East Half of the East Half of Section Twenty-four, in Township Twenty-one North, Range Six East of the Fourth Principal Meridian, Whiteside County, Illinois, described as follows: Commencing at the Northeast corner of the East Half of the Southeast Quarter of Section Twenty-four in Township Twenty-one North, Range Six East of the Fourth Principal Meridian, Whiteside County, Illinois; thence South on the East line of said Section Twenty-four, 880 feet; thence West parallel with the North line said Southeast Quarter 266.7 feet to the place of beginning; thence West parallel with the North line of said Southeast Quarter, 60 feet to a pipe; thence South and parallel with the East line of said Southeast Quarter, 223.4 feet to a pipe; thence Easterly parallel and 50 feet equal distance from the centerline of S.B.I. Route 86 (also known as State Route 2) 61.95 feet; thence North and parallel to the East line of said Southeast Quarter, 208.35 feet to the place of beginning.

2.      That the federal tax liens are hereby foreclosed against the Property described at paragraph 1, above, and that the Property in its entirety is ordered sold;

3.      That the Internal Revenue Service (herein referred to as the "IRS") Property Appraisal and Liquidation Specialists ("PALS"), is hereby authorized under 28 U.S.C. §§ 2001 and 2002, to offer for sale at public auction, the Property described in paragraph 1 above, with any improvements, buildings and appurtenances, there unto pertaining;

2758571.1

4.      That the public auction referred to in paragraph 3, above, shall be held either on the premises themselves or other location in Whiteside County, or at the Whiteside County Courthouse, in accordance with the provisions of 28 U.S.C. § 2001, the times thereof to be announced by the IRS; after the respective Property is advertised once a week for four consecutive weeks preceding the date fixed for its sale in a daily newspaper of general circulation in Whiteside County, and by any other notice that the IRS in its discretion may deem appropriate;

5.      That any rights, title, liens, claims or interests in the Property described in paragraph 1 of the United States and the defendants in this action are discharged upon sale of the Property and confirmation of the sale, as described in paragraphs 3, above and 14, below;

6.      The minimum bid for the Property will be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions of this Decree of Foreclosure, hold a new public sale and reduce the minimum bid or sell to the second highest bidder;

7.      That the successful bidder(s) shall be required to deposit with the IRS, a minimum of twenty percent of the deposit of his or her bid by certified check, made payable to the United States District Court, or cash deposit at the time of sale. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

8.      That the balance of the purchase price for the respective Property shall be tendered to the IRS PALS by the successful bidder within 30 days following the date of sale in the form of a certified check payable to the United States District Court for the Northern District of Illinois. In the event that the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied

to the expenses of sale, and the Property shall be re-offered for sale or be offered to the second

highest bidder in accordance with the provisions of paragraph 3, above. The United States may bid

as a credit against its judgment without tender of cash;

9.      That pending the sale of the said Property, the IRS is authorized to have free access

to the premises and to take any and all actions necessary to preserve the premises, including, but not

limited to, retaining a locksmith or other person to change or install locks or other security devices

on any part of the Property, until the deed to the Property is delivered to the ultimate purchaser of

the Property;

10.     The sale is made pursuant to 28 U.S.C. § 2001, and is made without right of

redemption;

11.     Until the Property is sold, Defendant Wolfe shall take all reasonable steps necessary

to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the

Property) in its current condition including, without limitation, maintaining fire and casualty

insurance policies on the Property and provide proof of such when requested by the PALS.

Defendant Wolfe shall neither commit waste against the Property nor cause or permit anyone else

to do so. Defendant Wolfe shall neither do anything that tends to reduce the value or marketability

of the Property nor cause or permit anyone else to do so. Defendant Wolfe shall not record any

instruments, publish any notice, or take any other action (such as running newspaper advertisements

or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or

that may tend to deter or discourage potential bidders from participating in the public auction, nor

shall they cause or permit anyone else to do so.

12.     All persons occupying the Property shall leave and vacate the Property permanently

within 30 days of the date this order is filed or the date on which a copy of it is delivered to the

2758571.1

defendant, whichever is later, taking with him his personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). Further, all persons occupying the Property shall turn over the keys to the Property to the IRS PALS and provide proof of current insurance within 30 days of the date this order is filed or the date on which a copy of it is delivered to the defendants, whichever is later. If any person occupying the Property fails or refuses to leave and vacate the Property by the time specified in this order, the IRS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned; and, the IRS is authorized to remove the personal property and dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 16 below.

13.    That the sale of the Property shall be subject to confirmation by this Court, and upon confirmation the IRS shall execute and deliver its deed, conveying the respective property to the successful purchaser;

14.    That, when the sale is confirmed by this Court, the Recorder of Deeds of Whiteside County, Illinois shall cause transfer of the respective property to be reflected upon that county's register of title;

15.    A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

16.    After the sale is confirmed by this Court, the proceeds shall be distributed as follows:

2758571.1

a.    First, to the IRS to cover the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court. If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the IRS the expenses of the sale;

b.    Second, the interest represented by the unpaid local real estate taxes for tax year 1997 shall be paid, and this interest shall be paid as follows. If the interest for such taxes is held by a certificate holder, such interest shall be satisfied by tendering to the attorney for the County of Whiteside, on behalf of the holder of sale certificate 1997-0067, the amount necessary to fully redeem that certificate. This amount shall then be tendered to the tax sale certificate holder, who shall relinquish tax sale certificate 1997-0067 to the Whiteside County Clerk. In the event a sale-in-error is entered with respect to tax sale certificate 1997–0067, the interest for such taxes shall be satisfied by tendering to the attorney for the County of Whiteside the amount paid to the certificate holder as a result of the sale-in-error declaration. In the event that an interested party redeems the tax certificate under local law, the interest for such taxes shall be satisfied by tendering to the redeeming party the amount paid by it to redeem the taxes, plus any interest due to such redeeming party under local law.

c.    Third, the interest of First Bank Mortgage, as successor to River Valley Savings and Loan Association and Rock Falls Savings and Loan Association, shall be satisfied second, and such interest shall be satisfied by having distributed to its attorneys the sum of $6,721.85 (reduced by any payments made on the mortgage after March 31, 2001, and increased by any interest accruing on the mortgage from March 31, 2001, until the date of closing on the judicial sale); and

d.    Fourth, to the United States Department of Justice for the unpaid 1985, 1986, and 1987 federal tax liabilities of Defendant Larry E. Wolfe in satisfaction of the default judgment

entered on April 3, 2001 and amended on March 27, 2002; and

       e.   Fourth, any remaining funds shall be deposited with the Clerk of Court, and the parties notified that excess proceeds have been deposited so that the parties can take whatever action they deem appropriate to pursue claims against such proceeds.

      17.   If the successful bidder defaults in any deposit requirement or in payment of the balance of the purchase price, the deposit made by the successful bidder shall be forfeited and retained as part of the proceeds of sale and the Property again shall be offered for sale in the same manner as set forth above.

      18.   The Court retains jurisdiction over this cause for the purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

**IT IS SO ORDERED.**

Dated: _____     _____
                            HON. PHILIP G. REINHARD
                            UNITED STATES DISTRICT JUDGE

2758571.1

ustice
rthern

14



US OFFICIAL MAI

Mr. Larry Wolfe
Galt, IL 61037



*Attachment The Nine for the exhibit of the Own*

Form 668 (Y)   449   Department of the Treasury - Internal Revenue Service

(Rev. January 1991)

# Notice of Federal Tax Lien Under Internal Revenue Laws

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| Chicago, IL | 369121357 | |

**5141 - 91**

JUL 17 1991

~~Whiteside~~

9 ³⁰ AM

*Marvin J. Van Zuiden*

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, notice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer   LARRY E. WOLFE

Residence   711 SECOND AVENUE
STERLING, IL 61081

**IMPORTANT RELEASE INFORMATION:** With respect to each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/85 | 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 | 10/04/90 | 11/03/00 | 10703.74 |
| 1040 | 12/31/86 | 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 | 10/04/90 | 11/03/00 | 10012.54 |
| 1040 | 12/31/87 | 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 | 10/04/90 | 11/03/00 | 8232.81 |

| Place of Filing | | |
|---|---|---|
| Recorder of Deeds Whiteside County Morrison, IL 61270 | Total $ | 28949.09 |

This notice was prepared and signed at ___Chicago, IL___, on this,

the __2nd__ day of __July__, 19 __91__

| Signature | Title |
|---|---|
| *D. Burnell (Acting)* for D. Sudduth | Revenue Officer 36-01-4506 |

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668 (Y) (Rev. 1-91)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| ...pliance Policy Area 7 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

11447-2000

STATE OF ILLINOIS   SS
WHITESIDE COUNTY
Filed in the Recorder's Office of said County

On ___ DEC 2 8 2000

at ___ 8:35 ___ O'clock ___ A. M

Dawn M. Young

Recorder
Deputy

...ame of Taxpayer
The 3-D Trust of the County of Whiteside, State of Illinois as Nominee of Larry E. Wolfe

...esidence
4210 West Lincolnway
Sterling, Illinois 61081

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12-31-1985 | 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 | 10-04-1990 | | 10,741.74 |
| 1040 | 12-31-1986 | 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 | 10-04-1990 | | 10,012.54 |
| 1040 | 12-31-1987 | 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 | 10-04-1990 | | 8,232.81 |

This Notice of Federal Tax Lien is intended to reach the following described property:
One Hundred Percent(100%) of the beneficial interest in The 3-D Trust of the County of Whiteside, State of Illinois, as Nominee of Larry Wolfe, the corpus of which is the following legally described real estate.

(See attached legal descriptions)

...ace of Filing
Recorder of Deeds
Whiteside County
Morrison, Illinois 61270

Total $28,987.09

...his notice was prepared and signed at Chicago, on this, the 01 day of December, 2000.

| ...ignature | Title |
|---|---|
| Stuart Parker | Revenue Officer  36-09819 |

...OTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 B. 409)

Form 668(Y) (Rev. 10-1999)