IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LARRY E. WOLFE, | ) |
|                 *Plaintiff,* | ) Civil Action No. 3:08-cv-50111 |
| *v.* | ) |
| | ) District Judge Philip G. Reinhard |
| UNITED STATES OF AMERICA, | ) |
| | ) Magistrate Judge P. Michael Mahoney |
|                 *Defendant.* | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The United States of America, substituted as the sole defendant, has moved to dismiss the above-titled action. As we demonstrate below, the action should be dismissed for either or both of the following reasons: (1) the action is barred by the sovereign immunity of the United States of America so that the district court is without subject-matter jurisdiction; and (2) the plaintiff has failed to effect service of process on the defendant or upon the individual predecessor defendants.

### STATEMENT OF THE CASE

The above-titled action was commenced against three attorneys of the Tax Division of the United States Department of Justice and two revenue officers of the Internal Revenue Service in the Circuit Court of Whiteside County, Illinois. Following certification by the Attorney General's delegate that the three Tax Division lawyers were acting within the scope of their employment by the United States in connection with the matters alleged in the complaint, the action was removed to this Court under the provisions of

the certification statute, 28 U.S.C. § 2679 and 28 U.S.C. § 1442.[1]

The certifications effected the substitution of the United States of America for all of the individual defendants, and the action is treated as though it had been brought under the Federal Tort Claims Act. As a result of the removal, procedure in the case is now governed by the provisions of the Federal Rules of Civil Procedure.

The plaintiff, Larry Wolfe, is not a stranger to this Court. He was the defendant in *United States v. Larry E. Wolfe,* Case No. 3:00-cv-50349, in which the United States obtained a judgment against him in the amount of $69,596, plus interest after April 10, 2000, for unpaid internal revenue taxes. (*See* Doc. Ent. No. 35, entered Mar. 28, 2002.) Last year Mr. Wolfe attempted to settle his liability by thrusting a $21.00 money order at the Justice Department. Following the rejection of that ploy by the Tax Division attorneys, Mr. Wolfe brought this action seeking money damages against them.[2] He also seeks damages against the revenue officers whose names appear on the notices of federal tax liens filed with respect to the tax liabilities that were later confirmed by the judgment of this court.

## QUESTIONS PRESENTED

1. The United States has been substituted for the individual federal defendants under the provisions of 28 U.S.C. § 2679, and the case proceeds

---

[1] Subsequent to removal, a second certification was made pursuant to 28 U.S.C. § 2679 with respect to the two revenue officers.

[2] This Court also rejected Mr. Wolfe's ploy, ruling that the $21.00 was to be applied to his unsatisfied liability but was not to be "considered complete payment of debt." *See* Minute Order, Doc. Ent. No. 48, and "Order of Application of Payment," Doc. Ent. No. 48-3, both entered February 21, 2008, in Case No. 3:00-cv-50349.

against the United States as though it were a case under the Federal Tort Claims Act (FTCA).  May the district court entertain the action if the plaintiff has failed to file an administrative claim prior to commencing the action, as required by 28 U.S.C. § 2675, or if the action is precluded by an exception to the FTCA found in 28 U.S.C. § 2680?

2. Neither the Illinois Code of Civil Procedure, applicable to the action when it was commenced in state court, nor the Federal rules of Civil Procedure, applicable upon removal, provide for service of process upon either in-state or out-of-state defendants by certified mail.  Where the only attempt to make service in this action was by certified mail sent to the former individual defendants at their respective places of business, has the Court acquired jurisdiction over any defendant?

## STATEMENT OF FACTS

The plaintiff resides in Illinois.  The three individual Tax Division attorneys work in Washington, D.C. and live in the greater Washington area.  They have never met Mr. Wolfe personally, and their sole connection with Mr. Wolfe has been in their official capacities as attorneys for the United States in connection with the litigation of the action brought against him to collect his unpaid taxes and to collect the amount due on the judgment.  In apparent retaliation for what he viewed as the Tax Division's improper treatment of his twenty-one dollar offer to settle the collection of the judgment, Mr. Wolfe brought the above-titled action seeking money damages, and, apparently for "good measure" threw the names of the local revenue officers into the mix.

During the time that the action was pending in state court, plaintiff caused copies of the summons and complaint to be mailed by certified mail to

the five original individual defendants at their respective places of business in Illinois and Washington, D.C. We are not aware of any other attempt to effect service upon the individuals, or upon the United States as the substituted defendant.

## DISCUSSION

### I  SOVEREIGN IMMUNITY BARS THE ACTION AGAINST THE UNITED STATES

The United States has been substituted, by operation of law, as the defendant for each of the individual defendants (Mullarkey, Schoenecker, Smith, Purnell, and Parker). The effect of substitution upon certification by the Attorney General's delegate under the provisions of 28 U.S.C. § 2679 is that the case must proceed against the United States as though it were a case under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq.*[3/] Sovereign immunity mandates dismissal of the action against the United States, both because plaintiff has failed to make an administrative claim and because plaintiff's claims fall within statutory exceptions to the FTCA.

"Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *Federal Deposit Ins. Co. v. Meyer,* 510 U.S. 471,

---

[3/] Section 2679(d)(1) and (d)(2) each provide that upon the making of an in-scope certification by the Attorney General or his delegate the action "shall be deemed" to be an action against the United States under the FTCA. These provisions in the statute are unequivocal and unambiguous, so that, as a matter of law once an in-scope certification has been made the United States is in the case and the employee is out. In *Taboas v. Mlynczak,* 149 F.3d 576 (7th Cir. 1998), the Court of Appeals wrote of the effect of an in-scope certification as follows: "This 'scope certification' by the Attorney General serves to substitute the United States as the sole defendant. *Id.* [28 U.S.C. § 2679(d)(1)]." *Taboas,* 149 F.3d 576, n. 1 at 578. Later in that opinion, the Court of Appeals states (n. 4 at 580): "When the Attorney General certifies . . . the United States moves for substitution." The Court, inexplicably, cites the same statutory provision for support. We believe that the first of the dueling footnotes correctly states the law, while the latter reflects the procedure actually followed by the United States in that case.

475 (1994). The Supreme Court has "frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign. Such a waiver must also be 'unequivocally expressed' in the statutory text. [Plaintiff's] claim must therefore meet this high standard." *Department of Army v. Blue Fox, Inc.,* 525 U.S. 255, 261 (1999) (internal citations omitted).

### A.  LACK OF AN ADMINISTRATIVE CLAIM MANDATES DISMISSAL

An administrative claim is a prerequisite to district court jurisdiction under the FTCA. Plaintiff has not alleged that he filed an administrative claim with either the United States Department of Justice or with the IRS as required by 28 U.S.C. § 2675, and we represent to this Court that he has not done so. In *McNeil v. United States,* 508 U.S. 106 (1993), the Supreme Court held that a plaintiff's failure to comply with the requirement of filing an administrative claim under the FTCA, and awaiting either its rejection or the passage of six months before instituting the lawsuit, mandates dismissal of the action. "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 111. Plaintiff's failure to file an administrative claim requires dismissal of the action.

### B.  PLAINTIFF'S CLAIMS ARE EXCEPTED FROM THE FTCA

Where, as here, the acts of which the plaintiff complains fall within the exceptions to the FTCA set forth in 28 U.S.C. § 2680, the action may not proceed against the United States as the substituted defendant and it must be dismissed. *United States v. Smith,* 499 U.S. 160 (1991) (medical malpractice suit originated against military physician for whom United States was substituted as defendant pursuant to § 2679 dismissed because alleged tort occurred in foreign country so that recovery under FTCA barred

by statutory exception, 28 U.S.C. § 2680(k)).

The FTCA contains an exception for "Any claim arising in respect of the assessment or collection of any tax . . .," thus preventing any such action from proceeding in the district court. 28 U.S.C. § 2680(c). *See Clark v. United States,* 326 F.3d 911 (7th Cir. 2003), and cases collected therein discussing the scope of the tax exception to the FTCA. The actions of the revenue officers in preparing notices of federal tax liens, as well as those of the Tax Division attorneys in determining whether to accept an offer to settle a money judgment for unpaid taxes, were taken with respect to collecting the plaintiff's unpaid tax liabilities. Those actions are thus within the of the scope of the tax exception to the FTCA in Section 2680(c).[4/]

While it is true that the interrelationship of the two provisions (sections 2679 and 2680) of the FTCA may leave even a truly-aggrieved plaintiff without a remedy, that was the intent of Congress as recognized by the Supreme Court: "Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether." *Smith,* 499 U.S. at 111. Therefore, the action cannot proceed and the government's motion to dismiss should be granted.

## II   THE FAILURE TO EFFECT PROPER SERVICE WARRANTS DISMISSAL

It is a fundamental principal of American common law that no court acquires *in personam* jurisdiction over any defendant until proper service of process has been effected in accordance with the applicable rules of

---

[4/] Furthermore, in making the determinations not to accept Mr. Wolfe's $21.00 offer, the Tax Division attorneys were exercising a discretionary function, and such conduct is within the scope of yet another exception to the FTCA, found at 28 U.S.C. § 2680(a).

procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). The Federal Rules of Civil Procedure are applicable to this matter upon removal. *See* Rule 81(c), *Fed.R.Civ.P.* Rule 12(b)(5) of those rules provides for dismissal of an action where the service of process is insufficient. That Rule is applicable here as no proper service of the summons and complaint has been effected, either before or since the action was removed.

Inasmuch as this action was commenced in an Illinois state court, the Illinois Rules of Civil Procedure, were initially applicable. Those Rules provide that service upon individual defendants, whether they be in-state defendants, like the two revenue officers, or out-of-state defendants, like the three Washington-based Tax Division Attorneys of the Department of Justice, is effected by either: (1) leaving a copy of the summons with the defendant personally; or (2) leaving a copy at the defendant's usual place of abode with a person resident at that address of a suitable age, coupled with mailing to the named defendant at his usual place of abode. *See Ill. Code of Civ. P.* §§ 5/2-203 and 5/2-208. Here, plaintiff attempted to effect service of the summons and complaint by mailing them by certified mail to each of the five named individual defendants at their respective places of business in Illinois and in Washington, D.C. The *Ill. Code of Civ. P.* does not provide for service of a summons by certified mail; furthermore, attempting to make abode service at a defendant's place of business is ineffective to confer *in personam* jurisdiction. *See Marshall v. Warwick,* 155 F.3d 1027 (8th Cir. 1998) (construing an analogous provision of South Dakota procedure and affirming dismissal of removed action where service was attempted on defendant's mother at her

place of employment).[5/]  Thus, there was no service at the time the action was removed.

As noted earlier, upon removal of the action to this Court, Rule 81(c), *Fed.R.Civ.P.* provides that the Federal Rules govern.  We are aware of no further effort having been made by the plaintiff to effect service under the Federal Rules since the action was removed.  Accordingly, as there has been no service of process, under either the Illinois Rules or under the Federal Rules, the action should be dismissed for insufficiency of service of process.[6/]

---

[5/] *Compare* the Illinois Rule with those specifically allowing substituted service at a place of business such as New York (the New York CPLR § 308 provides for effecting personal service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served . . . ") and Indiana (Indiana Trial Rule 4.1(A)(1) provides for service by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowl-edgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter residence, place of business or employment with return receipt requested and returned showing receipt of the letter . . . ").

[6/] The Federal Rules of Civil Procedure, especially as they pertain to making service upon the United States in FTCA cases are applied strictly.  The Court of Appeals has held that the mere fact that the rules prescribe a limited and particular manner for making service on the United States is good enough reason for requiring a plaintiff to comply or see his action dismissed. *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir. 1996).  While the plaintiff in *Tuke* was represented by counsel, the Court of Appeals has held that the duty to comply with the rules is equally applicable to those, like Mr. Wolfe, who elect to litigate *pro se*. *McMasters v. United States,* 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that McMasters was proceeding *pro se* does not excuse her failure to comply with procedural rules," citing *McNeil v. United States,* 508 U.S. at 113).

## CONCLUSION

    Inasmuch as neither this Court, nor the state court from which the action was removed, nor any other court, has jurisdiction to grant the relief requested by the plaintiff, and because the complaint fails to state a claim upon which this Court may grant relief, the action should be dismissed. Alternatively, plaintiff's action should be dismissed for failure to effect service of process in the manner permitted by the Illinois Rules, or, after removal, by the Federal Rules of Civil Procedure.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    */s/ Gerald C. Miller*
    GERALD C. MILLER
    Trial Attorney, Tax Division
    United States Department of Justice
    P.O. Box 55, Ben Franklin Station
    Washington, D.C.  20044-0055
    Tel.: (202) 307-6490
    *e-mail:* Gerald.C.Miller@USDOJ.gov

**CERTIFICATE OF SERVICE**

 I CERTIFY that on August 5, 2008, the above MEMORANDUM IN SUPPORT OF MOTION TO DISMISS was filed with the Court via the ECF system, and that service was made upon the plaintiff by depositing a copy in the United States mail, postage prepaid, addressed to him as follows:

> Mr. Larry E. Wolfe
> c/o General Delivery
> Galt, Illinois 61037

 In addition to mail service, a copy of the above memorandum will be hand-delivered to the plaintiff at the status conference in Rockford, Illinois, on Friday, August 8, 2008.

          */s/ Gerald C. Miller*
          GERALD C. MILLER